## Hise's Estate.

The supreme court takes cognizance of an appeal from the orphans' court, as an
appellate court strictly; and a decree will not be reversed unless upon exceptions taken
in the court below. But under the act of the 14th of April, 1835, if it be apparent
that injustice has been done to the appellant, the court has a discretionary power to
hear and determine such appeals according to the right and justice of the case.

. APPEAL from the decree of the orphans' court of *York* county.
Jacob Hise and John Lowman, administrators of John Hise, filed
an account of their administration of the estate, to which excep-
tions were filed, and the same were referred to auditors, who made
a report, to which exceptions were again filed; and the same were
again referred to other auditors, who made a report, which was con-
firmed by the orphans' court. From this decree Jacob Smith, who
was security for the administrators in a recognizance conditioned for
the faithful performance of their duty in making sale of the real es-
tate, appealed; and in this court exceptions were filed to the account
reported by the last auditors, which had not been made in the court
below.

The counsel for appellee, moved to quash the appeal, because
the exceptions were not made in the court below.

*M'Clure*, for appellant, contended that under the act of the 14th
of April 1835, this court would' hear and determine the case *de
novo.*

The opinion of the Court was delivered by
Rogers, J.—Since the passage of the act of the 29th of March 1832,
it has been repeatedly held, that the supreme court takes cognizance
of appeals from the orphans' court, as an appellate court strictly;
and that a decree will not be reversed, but on an exception filed in the
court from which the appeal is taken. And this is now the general
rule. But the legislature, by a subsequent .act, have vested in this
court a discretionary power to hear and determine such appeals, ac-
cording to the right and justice of the case. Under this section of
the act of the 14th of April 1835, if it was apparent that injustice
had been done to the appellant, we should feel ourselves bound to
refer the accounts to auditors for further investigation, with proper
directions. The appellant complains that the accountant intermin-
gled the rents with the real and personal estate; that he has not dis-
tinguished, in the settlement, the proceeds of the respective real
estates, sold by the order of the respective courts of York and Dau-
phin, and that he has charged the dower of the widow, in his ad-
ministration account. This mode of stating the account cannot be

[Wise's Estate.]

defended, and if the interest of the appellant was, in any degree, endangered, we should certainly interfere in the manner directed by the act.   But the appeal is taken by one of the sureties in the recognizance in the orphans' court, conditioned that the administrators would account for the money arising from the real estate of the intestate, and pay over the proceeds to the persons legally entitled. The property was appraised by an inquest of partition held by the respective sheriffs of York and Dauphin, where it was situated, and was sold by an order of the courts of those counties, for the benefit of the heirs.   The proceeding was under the act of the 2d of April 1814, which directs a sale of the real estate, by the administrator, when the heirs, on due notice, refuse to take it at the valuation.   It has, therefore, no connection with the administration account, which concerns the personal estate, and so much of the real estate only, as may be sold by order of the court, for payment of debts.   The sureties in the recognizance are neither parties nor privies, nor can their rights be affected by the decree.   The administrator acts as a trustee for the heirs.   Their remedy is by suit on the recognizance, and in that suit the defendants will be allowed to show, under the proper plea, that the condition of the recognizance has been performed, by payment, to those persons who may be legally entitled to receive the money, whether they be creditors or heirs.

Appeal quashed.