[ Philadelphia, May 2d, 1840. ]

## IRWIN'S APPEAL.

Where an administration account had been referred by the Orphans' Court to auditors, whose report was confirmed by the Court, without any exception having been taken, and then the administrator appealed to this Court and filed exceptions, the Supreme Court affirmed the decree, on the ground that exceptions had not been filed in the Court below.

This was an appeal from a decree of the Orphans' Court of Chester County, in the matter of the settlement of the accounts of Elizabeth Irwin and Jonathan Worrell, administrators of the goods, &c., of Aaron Irwin, deceased, who was administrator of the goods, &c., of John Irwin, deceased.

The accounts of the administrators were settled on the 4th of February, 1839; by which they charged themselves with the sum of seventy-three dollars and twenty-five cents, being money with which the intestate charged himself in his lifetime, as the proceeds arising from the sale of cattle, which were of the estate of John Irwin, deceased. The administrators then claimed allowance for sundry small items, and admitted a balance in their hands of fifty-two dollars and eighty-seven cents.

The following exceptions were filed to this account by William Irwin, surviving administrator of John Irwin, deceased, viz.

" 1. The accountant is not charged with the sum of two thousand two hundred dollars, due by him to the said John Irwin, deceased.

2. The accountant is not charged with the sum of one hundred dollars received by him as administrator of the said John Irwin, deceased."

On the 12th of March, 1839, the Orphans' Court appointed auditors of these accounts, who made a report, in which they charged the accountants with the two sums mentioned in the exceptions, and giving them credit for certain payments and commissions, stated a balance to be due the estate of two thousand one hundred and eighty-two dollars and eighty-seven cents.

Vol. v.—73

This report was confirmed *nisi* on the 10th of June, 1839. No exceptions were filed in the Orphans' Court; but on the 24th of January, 1840, an appeal was taken by the administrators to this Court, and exceptions filed here.

A motion having been made to strike off the exceptions—

Mr. *P. Frazer Smith* and Mr. *Dillingham*, in support of the motion, cited *Hise's Estate*, (5 *Watts*, 157.) *Mylin's Estate*, (7 *Watts*, 64.)

Mr. *Meredith*, contra, referred to the act of the 14th of April, 1835.

The opinion of the Court was delivered by

KENNEDY, J.—From *Hise's Appeal*, (5 *Watts*, 157,) it appears, that in construing the act of 1832, giving the right of appeal from the decrees of the Orphans' Court to the Supreme Court, it had been frequently ruled, that a decree of the former Court would only be reversed for an exception taken in that Court, and not for one taken for the first time in the Supreme Court, pending the appeal. And in that case, after the passage of the act of 1835, giving power to the Supreme Court in all cases of appeal from the definitive sentence or decree of the Orphans' Court, to hear and determine the same, as to right and justice may belong, and to refer the same to auditors, as it may think proper, it was still held to be good as a general rule, and that the legislature thereby only intended to vest in the Supreme Court a discretionary power to refer the accounts to auditors for further investigation, when it is apparent injustice has been done; and not to annul the principle laid down as a general rule previously to *Hise's Case*. And in *Mylin's Appeal*, (7 *Watts*, 64,) the same question was presented that arises here. Christian Mylin, one of the appellants there, filed no exceptions to the report of the auditors within the time prescribed by a rule made by the Court below on the subject, but did so afterwards, before he took his appeal, as the appellant has done here; and this Court held, first, that the Orphans' Court had power to make and adopt rules for regulating its own practice; and, second, that a rule, that no exception to a report of auditors should be received, unless the same were filed within ten days, was valid: and further, that this Court, on the appeal, would not act upon or notice exceptions filed below after the time allotted for that purpose by the rules of the Court had expired, unless they were filed by the special order of the Court below; or in cases when it plainly appeared that the rules of equity and justice had been violated: and accordingly, no order of the Court below appearing to have been obtained, giving leave to file the exceptions, which were filed out of time according to the standing rule of the

(Irwin's Appeal.)

Court on the subject, and no such violation of the rules of equity and justice appearing from the face of the proceedings to have taken place, this Court refused to hear Christian Mylin in support of his exceptions. The present case then appearing to be similar in every respect to the case of Christian Mylin, must be considered as ruled by it. The appellant therefore cannot claim to be heard in support of the exceptions; and the decree of the Orphans' Court is accordingly affirmed.

Decree affirmed.