*Twenty-first Judicial District.*

## In the Court of Quarter Sessions of Schuylkill County.

## In re ROAD IN BRANCH TOWNSHIP.

1. Certiorari and not appeal is the proper remedy for errors in the Court of Quarter Sessions.

2. A certiorari being by implication a supersedeas to proceedings in the court below, an appeal from proceedings in the Quarter Sessions, taken by mistake instead of a certiorari, will be considered as a supersedeas.

3. A motion for a writ of supersedeas made in the court below, during the pendency of such appeal, will not be entertained.

4. The appellant, having failed to file exceptions to the report of viewers, within the time prescribed by the rules of the court, is a stranger to the record, and his motion is therefore refused.

In the matter of the confirmation of the report of viewers appointed to lay out and open a road in Branch Township, Schuylkill county.

Opinion of the court delivered October 21st, 1872, by

WALKER, J, Rule to show cause why a writ of supersedeas should not issue to the contractors of said road to stay work upon the road until the appeal in the above case shall be disposed of by the Supreme Court.

The questions presented are :

1st. Whether appeal will lie ?

2d. If so, has it the effect of a supersedeas ?

3d. To what tribunal should the application be made ?

4th. Can the appellant complain, having filed no exceptions to the report of viewers ?

The 6th section of the act of 11th March, 1809 (Purdon's Dig., p. 400, pl. 8), provides "that writs of error may be had and may issue from the Supreme Court from and to the courts of the several counties," but it does not follow from the language of this section that a person has the option of entering an appeal, or taking out a writ of error, as the error below is on the record—or dehors the record—the law means that the cause shall be removed according to the course of proceeding in the respective courts—on appeal from the Orphans' Court and Register's Court, and on writ of error to the Common Pleas and Quarter Sessions. Mc-Clemmons v. Graham, 3 Binney 88.

A certiorari lies in all judicial proceedings, in which a writ of error does not lie, and being a substitute for a writ of error, it is governed by the same or strictly analogous principles. Per Gibson, C. J., Philadelphia and Trenton R. R. Co., 6 Wharton 41. Certiorari is without doubt the proper remedy for errors of record in the Quarter Sessions. ·

The act of 16th June, 1836 (P. L. 785), relating to the jurisdiction and powers of courts, gives the Supreme Court authority to examine and correct all errors of justices, magistrates, and courts of this commonwealth, in the process, proceedings, judgments and decrees, as well criminal as civil, &c.

The Supreme Court say, in the Appeal of the Commissioners of Northampton County, 7 P. F. Smith 452, "It is beyond all question, that under these extensive powers, this court is authorized to examine and review the proceedings in the Quarter Sessions; and it is equally clear that the proper mode of asserting this jurisdiction is by bringing the record of its proceedings before us for inspection by writ of *certiorari*.

So under the act of 5th May, 1832 (P. L. 501, sec. 1), appeal is not the remedy for errors in overruling exceptions. Hall's Appeal, 6 P. F. Smith 238.

So for removal of a pauper, no appeal lies but certiorari. Bradford Tp. v. Goshen Tp., 7 P. F. S. 495.

An appeal lies when the proceedings are in equity, or according to equitable forms. Troubat & Haly Prac., vol. i., part 2, p. 676.

Certiorari, not appeal, is the proper remedy to review a decree of the Quarter Sessions, respecting the expenses of a pauper. Walker Tp. v. Buffalo Tp., 1 Jones 95.

All that is examinable on a certiorari is the regularity of the proceedings. Duff v. Road, 16 P. F. Smith 459. But it brings up the record only. Election Cases, 15 P. F. S. 20. And is a writ of error in every thing except form. Cooke v. Rheinhard, 1 Rawle 321; Walker v. Walker, 3 Pa. 24; Clark v. McCormack, 2 Phila. 69.

*The remedy for errors in the Quarter Sessions appears ( from the books in almost all the cases), to be by certiorari, not by appeal.*

The few exceptions of appeal were either quashed or argued by coun sel upon the merits without reference to the form. The legal mind has sanctioned this procedure, and the decisions of the Supreme Court have sustained it.

We, therefore, think certiorari, and not appeal, is the proper remedy in this case.

But for the purpose of this motion, we prefer to regard this appeal as proper; for it is now in the Supreme Court, and that tribunal may correct the action of this court, if erroneous, upon the merits, without regard to the form, or they may allow a certiorari.

We will inquire, under the second branch of the argument, whether it has the effect of a supersedeas?

Certiorari at common law was the king's writ to bring up the record of an inferior court, and consequently had the effect to stay proceedings until the matter was decided.

"That such is the effect of a certiorari, except in cases where the Legislature has made a different rule, is the doctrine of all the cases. *It is not itself a writ of supersedeas, but it operates as one by implication.*" Ewing v. Thompson, 7 Wr. 372.

Appeals are regulated by statute ; and in determining whether an appeal is a supersedeas, the words of the statute must govern—as it was not a supersedeas at common law. A writ of error acts as a supersedeas by the 8th section of the act of 16th June, 1836 (Purdon Dig. 411, pl. 15), if bail be entered within *three weeks*, and also by the first section of the act of 11th March, 1834 (pl. 125), but nowhere does it appear that an appeal has the same effect, unless the Legislature, under the words *"writs of error"* intended to embrace appeals.

*Third.* The next important question involved in this case is, whether this motion for a supersedeas (treating the appeal as a supersedeas by implication) should be made in this court or in the Supreme Court, where the record now is. Not having access to the record, we cannot inspect it to ascertain any fact in dispute.

If the appeal is like a certiorari (as contended for), it operates as a stay of proceedings from the time of service, and all matters in the subordinate tribunal are *coram non judice* and void, and its action may be regarded as in contempt of court. Patchen v. Mayor of Brooklyn, 13 Wind. 664.

And no proceedings can be had in the court below, until the record is remanded. Gardner v. Maury, 4 Yeates 560.

When the case is removed into the Supreme Court by writ of error, no further proceedings can be had in the court below, until the record is returned. Cox, Adm., v. Henry, 12 Casey 445.

All the authorities agree that after service, and until the record is sent back, nothing can be done except to correct a plain mistake. Gibbons v. Sheppard, 2 Brews. 122, 123.

A motion in the Supreme Court for a formal writ of supersedeas would, therefore, seem to be the remedy of the appellant. Ewing v. Thompson, 7 Wr. 377.

The practice in some of the States is, at the time of taking out a certiorari, to move for a writ of supersedeas. Hollins v. Johnson, 3 Head 346 ; Legate v. Ward, 5 Cold. 451 ; U. S. Dig., 28, p. 92, sec. 17 ; U. S. Dig , 29, p. 125, sec. 16.

*Fourth.* Another objection to staying these proceedings is urged on the ground that the appellant having failed to file exceptions to the confirmation of the report of viewers, is a stranger to the record and cannot be heard.

The rules of court (page 22, section 83) prescribe the time of filing exceptions to reports of viewers, and as Mr. Ernest, the appellant, has failed to comply with them, he certainly has no right to appeal. Lawrence Co. Appeal, 17 P. F. S. 87; Beeder Est., 10 Barr 261; Hise's Est., 5 Watts 157; Berryhill v. Dowding, 8 Watts 313; J. B. & C. W. Dyott's Appeal, 2 W. & S. 557; Troubat & Haly, vol. 1, part 2, 696.

Exceptions had been filed by other persons, but withdrawn before the confirmation of the report; and although Mr. Ernest came into court afterwards and asked to file his exceptions *"nunc pro tunc,"* which was refused, that fact does not make his case any stronger.

The court could hardly entertain a motion contrary to their rules, unless some special reason was shown for such omission or neglect, and the appellant has shown no such reason.

Unless the rules of court be adhered to (except for special reasons), the court might appear to discriminate between suitors.

The appellant must, therefore, be regarded as a stranger to the record, and be governed by the law upon this subject; and if no other reason existed, this would be fatal, and the court would be compelled to refuse the motion.

Motion refused.

Messrs. *Geer & Ellis,* for applicant; Messrs. *Bartholomew, Ryon & Cumming,* contra.