## Shirey *et al. versus* Postlethwaite *et al.*

1. In construing a will, in cases of doubt, the grammatical collocation of words should be adhered to, unless there be clear reasons requiring a different construction.

2. A devise was: "I will to my wife the house and lot, &c., together with the interest of $2000 annually as long as she remains my widow, the said dower to remain in the land, and the furniture to remain as it now is as long as my wife remains my widow." He gave "the rest of (his) property" to his children, except a lot which he gave to a son, and by another clause, "all the rest, &c., of his goods, &c., and other my estate both real and personal" to my son, &c. *Held*, that the widow took a fee in the devise to her.

3. The qualification as to widowhood applied to the interest on $2000, which he intended by the word "dower."

4. In order to reduce a devise of real estate under the Wills Act to less than a fee, the intention must appear on the face of the will.

5. When it is doubtful whether the restriction to less than a fee applies to a devise or some other gift in a will, the declaration of the statute should prevail.

3. An obscure will construed.

May 17th 1872.    Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Franklin county:* No. 75, of May Term 1872.

This was an action of ejectment, brought August 20th 1870, for a lot of ground in the borough of Greencastle, in Franklin county, by Margaret Shirey, widow, and the children of Milton Shirey, deceased, against Joseph M. Martin and Albert G. Postlethwaite.

Adam Shirey died May 16th 1862, seised of the premises, leaving to survive him, a widow, Elvinia, and three children, J. Wesley Shirey, Milton Shirey and Elizabeth Shirey, intermarried with Albert G. Postlethwaite. Besides the premises, on which he lived at the time of his death, he died seised of a farm in Antrim township, a house and lot in Greencastle, then occupied by his son, Milton Shirey, and a half lot of ground in Greencastle.

By his will dated May 3d and proved May 22d 1862, he provided as follows :—

"I Order that all my Just Debts Funeral Expenses and Charges of Proving this my Will be in the First place Fully paid and satisfied and after payment thereof and Every part thereof I Will and Bequeath to my Beloved Wife Elvinia The house and half of the Lot in which we now live and the Division fence to be made and paid for out of Estate Together with the Interest of Two Thousand Dollars to be paid to her Annually as long as She Remains my Widow the said Dower to Remain in the land and the household Furniture to Remain as it now is as long as my Wife Remains

[Shirey *v.* Postlethwaite.]

my Widow I Will and Bequeath all the Rest of my property both
Real and personal to my three Children Except the house and Lot
in the Possession of my Beloved son Milton Shirey which I give
and Bequeath to him before any Divide of my property is made it
is my Wish According to my Wife's Agreement with me that She
will not Claim the three Hundred Dollars that the law Allows to
Widows and in Case of Daughter Elizabeth Rebaugh Should Die
without Issue that her share of my Estate Shall be Equally Di-
vided Among her Surviving Brothers or their Children and all
the Rest Residue and Remainder of my Goods Chattels Ready
Money Effects and Other of my Estate Whatsoever or Whosoever
both Real and personal I give and Bequeath the same to my Son
Milton Shirey and I Allow my said Son to Sell my Shop and
half lot of Ground Together with my Farm in Antrim Township
whenever he may think proper to the best Advantage and I Ap-
point my Son Milton Shirey my Sole Executor of this my Last
Will and Testament."

Milton Shirey died in August 1864, leaving a widow and three
children, the plaintiffs in this suit.

Elvinia Shirey, the widow of Adam Shirey, on the 27th of July
1870, sold and conveyed the premises in dispute to Albert G. Pos-
tlethwaite, one of the defendants.

These facts appeared on the trial, April 16th 1872, before
Rowe, J.

The defendants submitted the following points, the first of which
was negatived and the second affirmed; the court directed the jury
to find for the defendants:

1. Under the will of Adam Shirey, his widow took a fee simple
in the property in dispute, and having conveyed this to the de-
fendant Postlethwaite, by deed given in evidence, there can be no
recovery by the plaintiffs.

2. Even if the fee simple did not pass under the will of Adam
Shirey, and the Act of 8th April 1833, a life estate did pass
thereby, which is as fatal to the plaintiff's recovery in this action,
as though a fee simple had passed.

The verdict was for the defendants.

The plaintiffs took out a writ of error and assigned the answer
to their 2d point, and the instruction of the court for error.

*J. McD. Sharpe,* for plaintiffs in error.

*F. Jordan* (with whom were *W. U. Brewer* and *L. W. Hall*),
for defendants in error.

The opinion of the court was delivered, May 23d 1872, by
SHARSWOOD, J.—There is no more difficult task than to arrive
at the meaning of a testator, when he has used technical words,
but evidently not in their proper sense. When we depart from

the proper sense we are at sea as to the popular sense, and whether it applies in the particular case. The strict technical sense of dower, is certainly the one-third interest which the widow takes in the estate of her husband as against his alienee or devisee, and it may, and in common parlance it undoubtedly does, comprehend the same extent of interest which she is entitled to in case of intestacy in the real and personal estate of her husband who has died intestate, or which she may elect to take notwithstanding his will. In neither of these senses did Adam Shirey use the word "dower" in his will. Did he mean the certain interest which he had devised to his wife, or is it to be confined to the annuity which he had bequeathed for her maintenance? If the first, the estate of the widow was during widowhood; if the last, then as it appears to us in fee simple.

It is always best, in a case of doubt, when clear reasons do not exist for a different construction, to adhere to the grammatical collocation of the words. Had there been in the will but one expression of the limitation, there would be great reason for holding that it applied to all the preceding gifts. But the sentence is divided, and it is perfectly clear that the first qualification following the gift of the house and half the lot "as long as she remains my widow," does not apply to it, but is confined to the interest of the two thousand dollars. The next sentence there is an independent provision. "The said dower to remain in the land,"—what dower? The natural interpretation is the next antecedent—the annual interest for his widow's maintenance, that being the form which the dower of a widow according to our Pennsylvania system of laws most usually takes. There is considerable difficulty in giving any other construction to this word. For if we hold that it means the house and half the lot, in what land was it to remain? Literally it would be absurd to say the land shall remain in the land; but if we consider it as intending that the annuity given to his widow, called by him "the said dower," should be secured by a charge on his real estate, effect is given according to the common and well settled rule to every word, and the last qualification "as long as my wife remains my widow," applies to its last antecedent, the gift of the household furniture. He had already expressly provided that the interest of the two thousand dollars should be paid to his wife only so long as she remained his widow, why should it be reiterated as to this annuity, as it must be held to be, if said dower includes all that went before?

"I will and bequeath to my beloved wife Elvinia, the house and half of the lot in which we now live." Here is a direct substantive gift, which ends there; what follows is independent, under a "together with." The ninth section of the Act of Assembly of April 8th 1833, Pamph. L. 250, declares that "all devises of real estate shall pass the whole estate of the testator in the premises

[Shirey *v.* Postlethwaite.]

devised, although there be no words of inheritance or perpetuity, unless it appear by a devise over or by words of limitation or otherwise in the will, that the testator intended to devise a less estate." It is clear that the rule established by the act requires that the contrary intention of the testator must appear in the will, and it would seem to follow that when he has used such words as render it doubtful whether the limitation or restriction applies to the gift in question, or to some other gift, we ought to give effect to the declaration of the law. If there was no limitation of the gift during widowhood, we do not think that the residuary devise reduced it to a life estate—by the mere force of the general words "real and personal,"—even if the premises had been the only real estate included in it. But at the time the will was made it would seem it was not; for the farm in Antrim township had not been devised to any one specially, although a power of sale of it was given to his executor—a power which appears to have been afterwards exercised.

We are of opinion then that the learned judge below ought to have answered the defendant's first point in the affirmative, that under the will of Adam Shirey his widow took a fee simple in the property in dispute, but inasmuch as his affirmance of the second point that she did take a life estate precluded a recovery, the verdict and judgment below was for the defendants, as it ought to have been.

Judgment affirmed.