## Ashburner's Estate.  Fidelity Title & Trust Co.'s Appeal.

159      545
e 26 SC ²456
159      545
30 SC ²148
30 SC ³150
159      545
33 SC  121
159      545
f 36 SC  214

*Wills—Bequest to " children and heirs "—Distribution.*

The word " heirs," ex vi termini, implies representation, and in this re-spect its meaning is not changed by being coupled with the word " children."

Testator bequeathed his estate to his " daughters Harriet and Maria, and the children and heirs of my sons Benjamin and Charles, to be equally divided between them."  At the date of testator's will, his two sons were dead.  *Held,* that distribution should be made per stirpes.

When a devise or legacy is given to heirs or their representatives, distribution will be made in accordance with the general principles governing the descent of estates, unless a contrary intention appears.

Argued Jan. 18, 1894.  Appeal, No. 128, Jan. T., 1894, by Fidelity Title & Trust Co. of Pennsylvania, guardian of Elizabeth A. and Lesley Ashburner, minors, from decree of O. C. Phila. Co., April T., 1893, No. 371, dismissing exceptions to adjudication in estate of Sarah B. Ashburner, deceased.  Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.

Exceptions to adjudication.

From the adjudication, by HANNA, P. J., it appeared that Sarah B. Ashburner died Jan. 3, 1893, leaving to survive her two daughters, and three grandchildren, one of the latter being the child of a deceased son and the other two the children of another deceased son.  By her will, dated March 13, 1891, she directed as follows :

" I give and bequeath all my real estate, stocks, bonds, mortgages, all of which I may die possessed, to my daughters Harriet E. A. Tucker and Maria B. Osborne, and the children and heirs of my sons Benjamin and Charles B. Ashburner, to be divided equally between them; my personal belongings, such as my household furniture, bed and table linen, clothes, jewelry, silver, etc., to be equally divided between my two daughters Harriet and Maria, with the exception of articles herein mentioned.  Harriet to have my heavy India shawl and my diamond ring."

The auditing judge divided the estate into four parts, thus

giving the two children of Charles one half of one fourth each, instead of one fifth each, which they claimed.

Exceptions to the adjudication were dismissed by the court in the following opinion, by PENROSE, J.:

"A bequest to a designated person and the children of another is a gift to ascertained individuals, which, in the absence of evidence of a contrary intent, is said to confer an equal share upon all alike; and the mere fact that the parent of the children is dead and that he bore the same relation to the testator that the designated donee does, or that had there been no will the parties would have taken per stirpes under the intestate laws, does not change the result. The testator knows, or is supposed to know, exactly or approximately, the number of beneficiaries whose names are not mentioned, and as he classes them with one whom he designates, there is, perhaps, a presumption of equality, though, as said by Lord ELDON, in Lincoln v. Pelham, 10 Vesey, 175, in applying the rule the real intention is frequently to the contrary. The rule, however, is one which, even in England, will 'yield to a very faint glimpse of a different intention:' 2 Jarman on Wills, 112; while in Pennsylvania its existence at all has been seriously questioned : Osburn's Appeal, 104 Pa. 637; though Dible's Appeal, 81* Pa. 279, is an illustration of its modified application; and, after all, as has often been said, rules of construction have very little weight in the case of wills, and 'precedents ought never to be allowed an unbending control of any case not precisely analogous or even strictly identical.' The rule in question has been more frequently disregarded than followed in this state, and in other sister states : Minter's Appeal, 40 Pa. 111; Risk's Appeal, 52 Pa. 269; Green's Estate, 140 Pa. 253; Lyon v. Acker, 33 Conn. 222; Lachland v. Downing, 11 B. Mon. 32, etc.

"But a bequest to a designated person or persons, and the 'heirs' of another, or, as in the present case, 'the children and heirs' of another, is governed by very different considerations, and the 'rule' does not, either in letter or principle, apply to it. The word 'heirs,' ex vi termini, implies representation; and in this respect its meaning is not changed by being coupled with the word children. It is not to be assumed that the two words are used as meaning the same thing, especially where there is an obvious reason for using both. In a bequest to chil-

dren, grandchildren will not take, even where by statute lapse is provided against in the case of children dying in the lifetime of the testator: Gross's Appeal, 10 Pa. 360 ; Guenther's Appeal, 4 W. N. 41 ; hence in such cases the number of persons to take is to all intents and purposes fixed, and the per capita rule of distribution is not altogether unnatural or unreasonable. But in a gift to 'heirs' or to 'children and heirs,' grandchildren, great-grandchildren, and descendants to the remotest degree may and are entitled to take ; and the persons so entitled may change from day to day, after the execution of the will, and in the lifetime of the testator, both in number and degree of relationship. In the present case, for example,—where the testatrix had two living children, one grandchild, the child of a deceased son, and two grandchildren, of another deceased son, —under a per capita division each would have been entitled to one fifth ; and had the limitation been simply to children of the deceased sons, the number of shares could not have increased, though it might have been diminished by death of some of them in her lifetime. Under the gift to heirs, however, if one grandchild had died before she did, leaving six children, the shares, if the same rule is to be applied, would be reduced to one tenth each ; or, if all the grandchildren had so died, each leaving six children, to one twentieth ; while the children of the testatrix would thus be lowered to the level of grandchildren.

"It is impossible to attribute such an intention to any testator, and the authorities are clear that the so-called rule has no application where the class is referred to as 'heirs' or 'children and heirs :' Daggett v. Slack, 8 Metc. 450 ; Holbrook v. Harrington, 16 Gray, 102 ; Balcom v. Haynes, 14 Allen, 204 ; Bassett v. Granger, 100 Mass. 348 ; Roome v. Counter, 6 N. J. L. 111 ; Fissel's Appeal, 27 Pa. 55 ; Baskin's Appeal, 3 Pa. 304 ; Osburn's Appeal, 104 Pa. 637 ; Hoch's Estate, 154 Pa. 417.

" The effect is not altered by the direction to divide 'equally between them,' since these words are no less appropriate to a division among classes than to division among individuals : Risk's Appeal, 52 Pa. 273 ; Minter's Appeal, 40 Pa. 111 ; Green's Estate, 140 Pa. 253.

" It is not enough to say that the testatrix might have intended to place the children of her deceased children on a foot-

ing of equality with her living children; nothing short of absolute certainty can accomplish such a result. To doubt is to deny. '.It is a sound rule that when a devise or legacy is given to heirs or their representatives, courts will apply the general principles governing the descent of estates, unless a contrary intention appears. The statute of distributions governs in all cases where there is no will; and where there is one, and the testator's intention is in doubt, the statute is a safe guide': Lyon v. Acker, 33 Conn. 222. See also Fissel's Appeal, supra; Amelia Smith's Appeal, 23 Pa. 9; Hoch's Estate, supra.

"Exceptions dismissed, and adjudication confirmed absolutely."

*Errors assigned* were (1, 2) to the distribution; and (3) in dismissing exceptions, not quoting them.

*Francis Fisher Kane* and *Hampton L. Carson, J. Levering Jones, J. E. Lamorelle* and *Wm. Scott* with them, for appellant, cited: Fissel's Ap., 27 Pa. 552; Jarman on Wills, 112, *390; Hawkins on Wills, 113; McNeilledge v. Galbraith, 8 S. & R. 42; Haverstick's Ap., 103 Pa. 394; Lott v. Thompson, (S. C.) 15 S. E. R. 278; Baxter v. Winn, 13 S. E. R. 634; Bender's Ap., 3 Grant, 212; Harris v. Philpot, 5 Ired. Eq. 328; Ingram v. Smith, 1 Head (Tenn.) 411; Lord v. Moore, 20 Conn. 122; Blackler v. Webb, 2 P. Wms. 385; Dible's Estate, 81* Pa. 279; Minter's Ap., 40 Pa. 111; Thomas v. Hole, Bacon's Ab., Legacies, 338; Lincoln v. Pelham, 10 Vesey, 166; Dowding v. Smith, 3 Beav. 541; Baker v. Baker, 6 Hare, 269; Payne v. Webb, L. R. 19 Eq. 26; Collins v. Hoxie, 9 Paige, 81; Smith v. Curtis, 5 Dutcher, (N. J.) 345; Smith v. Ashhurst, 34 Ala. 208; Chewes v. Bull, 1 Jones (N. C.) 237; Dupont v. Hutchinson, 10 Rich. Eq. 2; Scott v. Terry, 37 Miss. 64; Pitney v. Brown, 44 Ill. 365; McFatridge v. Holtzclaw, 22 S. W. R. 439; Culp v. Lee, 14 S. E. R. 74.

*C. Berkeley Taylor, M. Hampton Todd* with him, for appellees, cited: Baskin's Ap., 3 Pa. 304; Gring's Ap., 31 Pa. 292; Hoch's Est., 154 Pa. 417; Minter's Ap., 40 Pa. 111; Risk's Ap., 52 Pa. 273; Green's Estate, 140 Pa. 253; Osburn's Ap., 104 Pa. 637; Fissel's Ap., 27 Pa. 55.

PER CURIAM, January 29, 1894:

The questions presented by this record appear to have been carefully considered and correctly decided by the orphans' court. Further discussion of them is unnecessary. We think the decree should be affirmed on the clear and able opinion of the learned judge of that court.

Decree affirmed and appeal dismissed with costs to be paid by appellant.