# Barbara Striewig's Estate. Appeal of John T. Wambaugh et al.

*Will—Residuary clause—Intestacy.*

Testatrix after making three small pecuniary bequests concluded her will as follows: "It is my will that July Bixler my step sister shall have a full share of my estate share and share alike with my Brothers and sisters." Julia (July) Bixler was the half sister of testatrix. *Held,* that there was no intestacy under the will, but that the clause containing the bequest to Julia operated as a residuary clause even without the words: "rest, residue," etc.

Argued May 22, 1895.    Appeal, No. 133, Jan. T., 1895, by John T. Wambaugh et al., from decree of O. C. York Co., sustaining exceptions to auditor's report.   Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to auditor's report.

From the report of the auditor, James St. Clair McCall, Esq., it appeared that the will of Barbara Striewig was as follows:

" I Barbara Striewig of York City, County of York and State of Pennsylvania do hereby make this my last will and testament.

" First. I give and bequeath to John Wambaugh one hundred dollars.

" Second. I give and bequeath to Alice Irwin one hundred dollars.

" Third. I give and bequeath to Kate Irwin one hundred dollars, all of said amounts to be paid to said above named persons within six months after my death. .

" Fourth. It is my will that July Bixler, my step sister shall have a full share of my Estate share and share alike with my Brothers and Sisters.

" In testimony whereof I have hereto set my hand and seal ∧ this 23rd day of August A. D. 1892.

<small>or have made my mark</small>

" This interlining of (or have made my mark,) was done before it was signed.

her

" BARBARA + STRIEWIG,

mark      [SEAL.]

" Signed and published as her last will by the said Barbara Striewig in the presence of us who in her presence and in the presence of each other have hereto subscribed our names as witnesses.

" HENRY L. NEUMAN,

" A. D. THOMPSON."

The auditor construed the will as creating an intestacy, and made distribution accordingly.

Exceptions to the master's report were sustained, LATIMER, P. J., filing the following opinion:

" This balance was all personalty, though the auditor does not so find.

" By the auditor's report it appears that the testatrix left to survive her :

" Four brothers viz : Michael, Jacob, John and Henry, and one sister, Catharine Wallick, all of the whole blood.

" Four children of a deceased sister, Polly Wambaugh, of the whole blood.

" Two children of a deceased brother, George Striewig, of the whole blood.

" One sister of the half blood, Julia Bixler, whom the will and the auditor in one place in his report denominate a 'Stepsister.' She was not a stepsister, but a half-sister, for the auditor finds she was the daughter of the same father as testatrix by a different mother. The distinction is important; for a half-sister would share equally in personal estate with those of the whole blood, under the intestate laws, while a step-sister (who is the daughter of a different father and mother) would take nothing. The auditor correctly finds in the latter part of his report that she is a half-sister.

" By the agreement of counsel, presented after the argument, it appears that testatrix's deceased brother and sister died long before the making of the will—this is not important under Guenther's Appeal, 4 W. N. C. 41—and that the John Wambaugh and Alice Irwin, to whom the will gives legacies, were the children of testatrix's deceased sister Polly; and Kate Irwin, a legatee, was the daughter of Alice.

" We think the auditor fell into error in his distribution by giving undue effect to the first rule of construction referred to by him, viz : the rule that the heir cannot be disinherited except by express words or words of necessary implication which do not admit of a supposition to the contrary; and by neglecting the other rule he cites, viz : that intestacy cannot be presumed when the words of the will will carry the whole estate; as well as other canons of interpretations hereafter referred to.

" Not only must the construction be made on the whole will, but effect is to be given to the whole, so that each expression shall have its due operation and effect, and none be rendered inoperative and meaningless.

" The auditor's construction of this will is one that renders

the fourth clause entirely inoperative and of no effect, and his distribution is precisely the same as if that clause had been omitted entirely from the will.   He interprets that clause as designed to give the half-sister Julia Bixler her full share under the intestate laws.   This of course she would have gotten without that clause in the will.

"Moreover the auditor's construction defeats the clearly expressed and plain intent of that clause.   'A full share with my brothers and sisters share and share alike,' there being, including Julia, six of them, means that she is to have one sixth, while the auditor awards her but one eighth.

"We think it plain that the fourth clause operates as a residuary clause even without the words, rest, residue, etc.: Miller's App., 113 Pa. 459; and that it is a gift in express terms of one full share of the residue to July, and a gift by the strongest kind of implication of equal shares to the other brothers and sister, they being referred to in an indirect manner, yet with such relation to the direct gift to Julia as to show that the testatrix intended for them an equal benefit with her, which is reflected from the terms of the direct gift: Wigram & O'Hara on Construction of Wills, 166.

"Being a gift to a class, only those in esse at the death of testatrix take, and the act of May 6, 1844, P. L. 565, sec. 2, Purd. Dig. 1711, Pl. 15, has no operation: Guenther's App., 4 W. N. C. 41; Gross' Est., 10 Pa. 361.

"The auditor's construction works an intestacy as to nearly three-fourths of the estate.   The words of the will, by the reasonable and obvious construction above suggested, being ample to dispose of the entire estate, no intention of the testatrix to die intestate as to any part of her estate can be presumed: Ferry's App., 102 Pa. 207.   The natural and reasonable presumption from the making of a will is the other way: Miller's App., 113 Pa. 459; Reimer's Est., 159 Pa. 212; Raudenbach's App., 87 Pa. 51; Hofius v. Hofius, 92 Pa. 305.

"We think this construction finds some support in the fact that testatrix makes bequests to one nephew and one niece, (and a grandniece) showing that she had these classes of relations in mind, and provided for those of them whom she desired to share in her estate.   It avoids intestacy entirely and gives to every expression in the will its due operation and effect.

"And now to wit Nov. 5, 1894, it is ordered, adjudged and decreed that the balance, $1,006.01, remaining for distribution after payment of legacies and collateral inheritance tax, as per auditor's report, be divided into six equal shares, and one share or sixth part thereof is awarded to each of testatrix's living brothers and sisters, viz: Michael Striewig, Jacob Striewig, Catharine Wallick, John Striewig, Henry Striewig and July Bixler."

*Error assigned*, among others, was above decree.

*James Kell* for appellants,—The circumstances under which the will was made must be considered in construing it: Rewalt v. Ulrich, 23 Pa. 391.   The probability is in favor of intestacy: De Silver's Est., 142 Pa. 74; Howe's Est., 126 Pa. 233; Rupp v. Eberly, 79 Pa. 141; Lipman's App., 30 Pa. 180.

*Nevin M. Wanner*, for appellees, was not heard, but cited in his printed brief: Miller's App., 113 Pa. 459; Stiver's Est., 21 W. N. C. 335; Guenther's App., 4 W. N. C. 41; Hough v. Hough, 4 R. 363; Barbara Herr's Est., 28 Pa. 467; Board of Missions App., 91 Pa. 507; Thouron's Est., 11 W. N. C. 285; Reimer's Est., 159 Pa. 212; Ferry's App., 102 Pa. 207; Hofius v. Hofius, 92 Pa. 305; Stehman v. Stehman, 1 Watts 466; Thomas' Est., 5 Kulp 166; Raudenbach's App., 87 Pa. 51; Roland v. Miller, 100 Pa. 50.

PER CURIAM, May 30, 1895:

The learned court was clearly right in construing the will in question and holding, among other things, that, instead of dying intestate as to the greater part of her estate, the testatrix, in and by the fourth clause of her will, disposed of all that remained after paying expenses, etc., and the three legacies given by her in the preceding clauses.   The questions involved in the specifications of error, so far as they are material, have been sufficiently considered and satisfactorily disposed of in the opinion sent up with the record.   On that we affirm the decree and dismiss the appeal, with costs to be paid by the appellants.