# Wootten's Estate.

*Wills—Codicil—Construction—Intention of testatrix—Legatees of different degrees—Distribution per stirpes.*

1. A construction of a will which adheres as nearly as possible to the evident general intention of a testatrix and which favors equality and prevents a disinheritance of certain statutory heirs will not be disturbed.

2. In cases of doubt in the construction of wills the grammatical collocation of the words must be adhered to unless there be clear reasons requiring a different construction.

3. Testatrix by a codicil to her will provided that "The shares of my brothers, Charles L. Hoff and Harry C. Hoff, now deceased, shall divert to Howard L. Hoff, their heirs or assigns, share and share alike," the said three mentioned individuals being three of five brothers to whom testatrix previously bequeathed the whole of her estate. The Orphans' Court decided that the heirs of the deceased brothers should share with Howard L. Hoff in the property mentioned in the codicil, and that in such case the legatees standing in different degrees, being nieces and nephews and a brother, the distribution should be made per stirpes. *Held,* no error.

Argued Feb. 28, 1916. Appeals, Nos. 46 and 47, Jan. T., 1916, by The Pennsylvania Trust Company, guardian of Elizabeth and Ferguson Hoff, minor children of

Charles L. Hoff, deceased, and Howard L. Hoff, from decree of O. C. Berks Co., Jan. T., 1916, No. 19, dismissing exceptions to adjudication in Estate of Louise Hoff Wootten, deceased. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before SCHAEFFER, P. J. The facts appear by the opinion of the Supreme Court.

The court dismissed the exceptions. The Pennsylvania company, guardian of the minor children of Charles L. Hoff, and Howard L. Hoff, appealed.

*Error assigned* was in dismissing exceptions to adjudication.

*C. H. Ruhl,* for The Pennsylvania Trust Company, Guardian, appellant.—The intention of the testatrix is the prevailing consideration in applying all rules of construction: Porter's App., Eberle's Est., 94 Pa. 332; Dible's Est., 81½ Pa. 279.

The words "equally to be divided" call for a distribution per capita unless other language of the will plainly shows a contrary intention: Hick's Est., 134 Pa. 507; Priester's Est., 23 Pa. Superior Ct. 386; Brundage's Est., 36 Pa. Superior Ct. 211.

Every part of the will must be considered, and every word given effect, if the intent thus derived and ascertained be lawful: Reck's App., 78 Pa. 432; Woelpper's Appeal, 126 Pa. 562; Tyson's Est., 191 Pa. 218, 225.

It is always best in cases of doubt and where clear reasons do not exist for a different construction, to adhere to the grammatical collocation of the words: Shirey v. Postlethwaite, 72 Pa. 39; Reichard's App., 116 Pa. 232.

An heir can be disinherited only by express gift or necessary implication: Weber's App., 17 Pa. 474; Rupp, et al., v. Eberly, et ux, 79 Pa. 141; Ashburner's Est.,

Fidelity Title & Trust Co.'s App., 159 Pa. 545; Simpson's Est., 245 Pa. 244.

*Jefferson Snyder,* of *Snyder & Zieber* and *John B. Stevens,* for Howard L. Hoff, appellant.—Technical rules of construction must yield to the plainly expressed intent of the testator if that intention is lawful: Reck's App., 78 Pa. 432; Thran v. Herzog, 12 Pa. Superior Ct. 551; Wood v. Schœn, 216 Pa. 425.

*Joseph R. Dickinson,* for appellee.—The question in expounding a will is not what the testator meant, but what is the meaning of his words: Hancock's App., 112 Pa. 532; Bruckman's Est., 195 Pa. 363; Woelpper's Est., 126 Pa. 562; Reilly's Estate, 200 Pa. 288.

A codicil is to be understood in the light afforded by the will, which is to be changed only to the extent that the codicil is inconsistent with it: Algaier's Est., 16 Pa. D. R. 913; Hoffman's Est., 15 Pa. D. R. 524.

OPINION BY MR. JUSTICE MOSCHZISKER, March 20, 1916:

Louise Hoff Wootten died October 3, 1914, testate, leaving to survive her three brothers, Augustus W. Hoff, John S. Hoff, Howard L. Hoff, and six nephews and nieces, Frederick and Catharine Hoff, children of Harry C. Hoff, a deceased brother, also Valeria F. Hoff, Dorothy F. Hoff, Elizabeth F. Hoff and Ferguson Hoff, children of Charles L. Hoff, another deceased brother. By her will the testatrix directed her executor to convert her entire estate into personalty, and she divided the same in five equal parts between her brothers, Augustus, John, Charles, Harry and Howard. At the time the will was made the testatrix's brother, Harry, was deceased, and subsequently her brother, Charles, died. By a codicil she provided that "the shares of my brothers, Charles L. Hoff and Harry C. Hoff, now deceased, shall divert to Howard L. Hoff, their heirs or assigns, share

and share alike." Both the will and codicil are in type-
writing, but there is no testimony to show whether this
was done by the testatrix herself or by another at her in-
stance; however that may be, the codicil was typed with
blank spaces left to be filled, in one of which was placed
a date, and in another was written, by the hand of the
testatrix, the name "Howard L. Hoff."

There are two appeals before us, one by Howard L.
Hoff and the other by the guardian of the minor children
of Charles L. Hoff, deceased. The question presented·
by the first appeal is this: do the children of Harry C.
and Charles L. Hoff, deceased, take as legatees under the
codicil, or is Howard L. Hoff the sole legatee there-
under?

The court below concluded that "the children of
Charles L. Hoff and Harry C. Hoff, deceased, were en-
titled to participate as legatees with Howard L. Hoff in
the distribution of the two-fifths of the testatrix's estate
which she disposed of by the codicil," saying: "The will
is carefully drawn; there is not in the whole instrument
any evidence that testatrix was ignorant or unlettered;
the choice of words and construction of sentences indi-
cate that she was conversant with the rules relating to
the proper expression of ideas by means of language.
......Bearing this in mind, let us examine the language
of the codicil—'their heirs or assigns share and share
alike'......That there is some doubt as to the actual
meaning of the phrases 'their heirs or assigns share and
share alike' must be conceded; but when, as now, the
thing sought for is the intention of the testatrix, and
such intention is expressed in doubtful language, we
must consider the whole instrument and be guided by
such general rules as the law has invented as aids to a
correct interpretation. In cases of doubt, the grammati-
cal collocation of the words must be adhered to, unless
there be clear reasons requiring a different construction:
Shirey v. Postlethwaite, 72 Pa. 39. The codicil, aside
from its heading, consists of a simple declarative sen-

tence with modifiers. Its subject is 'shares' modified
by......'of my brothers'......'Charles L. Hoff and
Harry C. Hoff,' and......'now deceased'; and a predi-
cate 'shall divert,' with two objectives, introduced by the
preposition 'to'—(1) 'Howard L. Hoff' and (2) 'their
heirs and assigns,' which in turn are followed by the ad-
verbial phrase 'share and share alike,' modifying the
verb 'shall divert.' It will thus be seen that the posses-
sive pronoun 'their' has Charles L. and Harry C. Hoff
for its antecedents. The sentence cannot be parsed in
any other way. While it is difficult to determine indis-
putably the meaning of the sentence in the codicil on its
grammatical construction—for however looked at, it
contains a grammatical error which, in any event, makes
the meaning doubtful—yet we should adopt a construc-
tion that will harmonize with the intent of the testatrix
apparent on the face of the will and conform to the rules
of law controlling in such cases. If the words 'and to'
were supplied, or understood, between the name Howard
L. Hoff and the pronoun 'their' next to it, so that the
sentence would read 'and to their heirs or assigns share
and share alike,' there could be no doubt about 'their'
having Charles L. and Harry C. Hoff for its antecedents.
On the other hand, if the possessive pronoun 'their' were
changed to 'his' and the last phrase in the sentence,
'share and share alike,' disregarded, the interpretation
would have to be in favor of Howard L. Hoff. In the
case before us, however, one preposition must be as-
sumed to have been meant to answer the purpose of two,
its objects being 'Howard L. Hoff' and 'heirs and as-
signs.' Nor does that seem unduly to strain its office as
such, for single prepositions oftener than not have more
than one object; being two here, one is admittedly 'How-
ard L. Hoff,' the other 'heirs and assigns.' But whose
heirs and assigns? The answer lies in the pronoun
'their,' which is plural. Had the name Howard L. Hoff
never been inserted at all, and the space in the codicil
left blank, there would be no difficulty about identifying

the objects of the preposition as the 'heirs or assigns' of Charles L. and Harry C. Hoff, and thus stated the sentence would be perfectly grammatical. How then by the insertion of a name (another object) can these two be taken away. To support the view that 'their' relates to Charles L. Hoff and Harry C. Hoff, we have the additional proof, in the words 'share and share alike.' These words are without meaning if only one person is meant to take the two-fifths bequeathed to the two brothers by the will. We also have the further proof in the word 'divert,' which is defined 'to turn aside or away, to change the direction.' If we give it a dispositive meaning, it is, however, indicative of a previous gift and is predicated, not necessarily upon passing the gift, as presently intended, from the donor, but as directing the course which the gift shall take and where it shall be finally lodged. If we eliminate from the codicil the words 'Howard L. Hoff,' we have left a complete disposition of the two-fifths of the testatrix's estate to the heirs and assigns of Charles L. Hoff and Harry C. Hoff, the word 'heirs' being used here in a substitutionary sense and as meaning children or descendants. We cannot agree with the contention of Howard L. Hoff that 'their' should be considered to mean 'his,' because the pronoun was typewritten and his name was inserted with pen and ink by the testatrix, thus leaving room for conjecture that she inadvertently overlooked the correctness of the pronoun from the plural 'their' to the singular 'his.' While this position, under the circumstances, is a plausible one, the other, that by design she left the plural pronoun 'their' stand, thus showing its relation to her deceased brothers, is just as plausible, besides being much more reasonable and, in view of the consequences following a contrary construction, less dangerous. To agree with the former position, moreover, we would be obliged, not only to ignore the general scheme and intent appearing in the will, but to disregard

and cut off the significant words 'share and share alike' in the codicil......"

The question under consideration is not free from difficulty, but since we are not convinced that the construction placed upon the codicil by the court below is wrong, we shall not disturb it. The codicil deals entirely with personal estate, and when the word "heir" is used in relation to personal property, in a manner which indicates it as a word of purchase, it may mean next of kin (Line's Est., 221 Pa. 374, 380). If the name "Howard L. Hoff," which was written in by the testatrix, be eliminated from the codicil, it would read "the shares of my brothers, Charles L. Hoff and Harry C. Hoff, now deceased, shall divert to their heirs or assigns, share and share alike," and this would make a complete disposition of the property dealt with therein, and plainly indicate that the testatrix desired the shares which she had originally given to her two deceased brothers to be "diverted to" their next of kin, which would continue the scheme of distribution fixed in her will. The fact that she subsequently inserted the name of her brother, Howard, to share with the "heirs," or next of kin, of her two deceased brothers, would not necessarily indicate that she intended entirely to upset her previously devised scheme of distribution and divert to him the entire property disposed of in the codicil. Even though the insertion of the name of Howard may have made the meaning of the codicil doubtful, yet the construction placed upon it by the court below adheres as nearly as possible to the evident general intent of the testatrix's will, and, moreover, it favors equality and prevents the disinheriting of certain statutory heirs, which is always to be avoided unless an intent to the contrary be clear.

Under the second appeal, the children of Charles L. Hoff and Harry C. Hoff claim that they are entitled to a per capita distribution with their uncle, Howard L. Hoff; but the court below decided that these appellants took per stirpes, saying they would take per capita if

the persons named in the codicil all stood in the same relation to the testatrix, as in Scott's Est., 163 Pa. 165, adding, however, that since "the legatees stand in different degrees, being nieces and nephews and a brother, the per capita rule does not apply, and the distribution must be made per stirpes—that is, Howard L. Hoff is entitled to one-third of two-fifths, and the children of Charles L. Hoff to one-third, and the children of Harry C. Hoff one-third." We agree with the court below that the rule laid down in Minter's App., 40 Pa. 111, applies here, and calls for a division per stirpes: see also, Ashburner's Est., 159 Pa. 545.

The assignments of error are all overruled and the decree is affirmed.