## Learn's Estate.

*Wills—Construction—Gift to testator's heirs—Distribution per stirpes to children and grandchildren.*

1. Where the will of the testator gave bequests to his living children and grandchildren, and then added "and should any balance remain thereafter, said balance to be equally divided among all my heirs:" *Held*, that the distribution to children and issue of a deceased child should be *per stirpes* and not *per capita.*

2. When a devise or legacy is given to heirs or their representatives, distribution will be made in accordance with the general principles governing the descent of estates of intestates, unless a contrary intention appears in the will; and by the Act of April 8, 1833, P. L. 316, children and descendants of children take *per stirpes.*

Ashton's Appeal, 134 Pa. 390, distinguished.

Exceptions to auditor's report. O. C. Indiana Co., March T., 1921, No. 6.

*Pierce & Pierce,* for exceptants.

*E. Walker Smith, D. B. Taylor* and *James L. Jack,* contra.

LANGHAM, P. J., Sept. 3, 1921.—In this case the auditor appointed by the court to audit, adjust and distribute the funds in the hands of E. E. Creps, administrator *d. b. n. c. t. a.* of John A. Learn, late of Green Township, deceased, made his report, and exceptions were filed thereto on behalf of Andrew Donahey, Bessie Learn and Hattie Donahey, residuary legatees under the will of said John A. Learn, deceased, as follows:

"1. The auditor erred in failing to award to each of said exceptants the undivided one-ninth of the residuary fund instead of the one twenty-first.

"2. The auditor erred in not awarding to each of said exceptants the sum of $610.28 (260.29).

"3. The auditor erred in finding as a matter of law that the distribution of the residuary fund under said will should be *per stirpes* instead of *per capita.*

"4. After certain bequests to his children and grandchildren out of money arising from the sale of coal, testator directs, 'and should any balance remain thereafter, said balance to be equally divided among all my heirs.' The auditor erred in dividing said balance among the heirs, being his children and grandchildren, *per stirpes* instead of equally, as the will directs."

The only question before us in this case is whether the distribution should have been made *per capita* or *per stirpes.* This involves a construction of that part of the will of John A. Learn, deceased, wherein, after certain bequests to his children out of money arising from the sale of coal, he directs, "and should any balance remain thereafter, said balance to be equally divided among all my heirs." The exceptants claim that this provision of the will calls for a distribution *per capita* among the children and grandchildren of the testator. John A. Learn, the testator, left to survive him six children and three grandchildren, the Donahey children, being the children of a deceased daughter of the testator, and the exceptants here. The surviving children claim that they should take an undivided one-seventh interest under the said residuary clause of the will above quoted, while the grandchildren claim the undivided one-ninth interest under the said residuary clause. The Act of April 8, 1833, P. L. 316, provides that where an intestate leaves "descendants in different degrees of consanguinity to him, the more remote of them being the issue of a deceased child, grandchild or other descendant, each child of the intestate shall receive such share as such child would have received if all the children then dead leaving issue had been living at the death of the intestate." In other words, such an estate must be divided into as many shares as there are children living and children dead leaving issue to represent them. These shares must be divided according to the words of the statute above quoted in

the following manner: "In every such case the issue of such deceased child, grandchild or other descendant shall take by representation of their parents respectively such share only as would have descended to such parent at the death of the intestate," if such parent had then been living. The rule of the intestate laws is followed in all cases when the testator has not clearly adopted a different one.

The will of the testator gives each of his living children and each of his grandchildren special bequests, and then adds, "and should any balance remain thereafter, said balance to be equally divided among all my heirs."

We are not convinced that the testator in his will meant to make his grandchildren equal with his sons and daughters living. The case of Ashton's Appeal, 134 Pa. 390, relied upon by counsel for the exceptants, to our mind, should not control in the distribution in the case at bar, for the reason that in said case the testator specifically says, "then in trust to and for the use of the right heirs of him, the said Charles T. Ashton." In the Ashton case the testator designated specifically "heirs of him, the said Charles T. Ashton, in equal shares," which included the widow of Charles T. Ashton. In the Ashton estate the widow of Charles T. Ashton was not an heir of the testator at all, but by testator's will she was made a beneficiary; hence, the Supreme Court included her in the distribution with the only other "right heirs" the son had left. In the Ashton case the question for determination was as to who were the "right heirs" of Charles T. Ashton, and, when so determined, there was no question as to the share to be taken by each, for the reason that the will provided for equal distribution among them. In the case at bar the legatees, children and grandchildren, are testator's heirs, and the question is, what share shall they severally take? This brings the case clearly within the rule heretofore mentioned. In Hoch's Estate, 154 Pa. 417, it is held: "The intestate laws must control questions of distribution arising upon the settlements of estates of testators, as well as intestates, unless the testator has clearly provided a different mode in his will." In Ashburner's Estate, 159 Pa. 545, the testator bequeathed his estate to his "daughters Harriet and Maria, and the children and heirs of my sons Benjamin and Charles, to be equally divided between them." At the date of testator's will his two sons were dead. Held, that distribution should be made *per stirpes*. This case has been cited in Moses's Estate, 3 Pa. Superior Ct. 93; Miller's Estate, 26 Pa. Superior Ct. 453; Sipe's Estate, 30 Pa. Superior Ct. 145; Todd's Estate, 33 Pa. Superior Ct. 117; Brundage's Estate, 36 Pa. Superior Ct. 211. These cases clearly decided that when a devise or legacy is given to heirs or their representatives, distribution will be made in accordance with the general principles governing the descent of estates, unless a contrary intention appears in the will. To the same effect we may cite Wootten's Estate, 253 Pa. 136, in an opinion by Mr. Justice Moschzisker. See, also, Beck's Estate, 225 Pa. 578; Webb's Estate, 250 Pa. 179.

From our examination of the wording of the will and the law relating thereto, we are of the opinion that the exceptions to the distribution by the auditor should be dismissed and the report confirmed.

## Decree of court.

And now, Sept. 3, 1921, this case came on to be heard by argument of counsel, and, upon due consideration thereof, the exceptions to the auditor's report in the above stated case are hereby dismissed and the report of the auditor confirmed absolutely. Exception to the order and decree of court is hereby allowed exceptants.