Maude E. Hart v. Jabez Hart et al.
Swedish American National Bank of Rockford, Trustee, v. Maude E. Hart Mazur, Appellee. Hazel Carton, Appellant.

Gen. No. 9,784.

Heard in this court at the May term, 1942.
Opinion filed September 17, 1942.

SCOTT, WOOD & PACE, of Detroit, and GIBBONEY & FAISSLER, of Rockford, for appellant; KARL E. SCOTT, of Detroit, and JOHN J. FAISSLER, of Rockford, of counsel.

STANLEY H. GUYER, of Rockford, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

The issue in this case is as to how the net income from a testamentary trust created by the last will of Albert E. Hart, deceased, shall be divided between the two beneficiaries, Hazel Carton, appellant, who is the daughter of the decedent, and Maude E. Hart Mazur, appellee (formerly Maude E. Hart), decedent's widow and stepmother of appellant.

The controversy involves that portion of the will which reads:

"After all my just debts are paid I want all my property put in trust for the benefit of my heirs as hereafter stated. My wife Maude E. Hart is to have the entire net income, If she lives until my daughter Hazel Carton is not teaching or unable to teach Then Hazel Carton is to receive one half of the net income from my estate less whatever income she may receive from other sources and the balance of said net income is to be paid to Maude E. Hart my wife. In case that eather dies the other is to receive the entire income and in case both die, after their funeral expenses is paid the ~~bal~~ net income is then to go to Jabez ~~W~~ (Jay) Hart my Grandson."

The cause is here on the daughter's appeal from a decree of the circuit court of Winnebago county, holding a former decree is *res adjudicata,* and ordering that the net income from the estate be divided into two equal shares, from one of which shares the income received by appellant from other sources shall be deducted; that whatever remains of that share shall be paid to her, and that appellee be paid all the rest and remainder of the income from the estate.

Appellant has been a school teacher in the city of Detroit, Michigan, since September 1919. At the time the decree appealed from was entered (October 24, 1941) she had been on leave of absence since June 30th of that year, on account of high blood pressure and nervous exhaustion. Her physician advised her she should not teach any more if she did not have to do so.

She owns an incumbered two-family apartment building in the city of Detroit. One of the apartments is occupied by a tenant. She and her husband live in the other apartment. The decree further orders that in computing her income there shall be included the rent actually received, together with the fair rental value of the apartment occupied by her and her husband, less the interest on the mortgage, cost of heating, light, water and taxes, but not including depreciation. It further orders that any money appellant receives in the future as benefits or pension, from the Detroit teachers' pension fund, less any future assessments, be treated as income, without deduction for any assessments theretofore paid by her.

Appellant claims that under the terms of the will, an amount equal to her income from other sources should be deducted from the entire net income from the estate, the remainder divided into two equal parts, one of which should be paid to her, and all the balance of the net income from the estate should be paid to appellee. She also claims the rental value of the apartment occupied by her and her husband should not be counted as income, and that payments made by her to the teachers' pension fund before the decree was entered are deductible. The decree is in accord with the claims of appellee.

The decedent died in February 1937. The circuit court first took jurisdiction of the trust estate under a petition filed by the widow in April 1937, individually and as executor of the will, for the construction thereof and the appointment of a trustee. The petition alleges, among other things, that ''An ambiguity and uncertainty appears in the terms of the clause of the will with reference to the amount of the net income to be paid by the trustees to the daughter, Hazel Carton, and in respect to the time when said daughter should receive any portion of the net income from said trust estate.'' The daughter answered. The pleadings set out the re-

spective contentions of the parties. The decree appointed Swedish American National Bank of Rockford as trustee, found that it was the intention of the testator that when the daughter "ceases to be a school teacher, either from her own volition or from any other cause, she shall then become entitled to receive one-half of the net income from said estate, less whatever income she receives at that time from other sources"; that it was not the intention of the testator that she should receive such income during the usual three months summer vacation, but only when she has definitely quit teaching or is not teaching when school is ordinarily in session; and in case, after receiving such income, she should resume teaching, no income shall be paid to her while she so continues to teach. The decree has never been appealed from or modified.

In July 1941, the trustee filed a petition for further construction of the will and further directions to the trustee, detailing the disagreements between the widow and the daughter. Each of them filed an answer, and a counterclaim setting out their respective claims. On the hearing, the decree appealed from was entered. It sets out the above quoted portion of the former decree, finds that it is *res adjudicata,* and orders distribution of the net income from the estate in the manner above mentioned.

The question as to the method to be employed in dividing the net income from the estate is whether appellant's income from other sources is to be deducted from such entire net income or from one half of such net income. Assuming that appellant's income from other sources will be less than the entire net income from the estate, so as to be deductible at all, then, regardless of the specific amounts of either of such incomes, if the method ordered by the decree is followed, appellee's income from the estate will always exceed appellant's total income, including her income from outside sources. If the method which appellant claims to be correct is

used, appellee's income from the estate will exactly equal appellant's total income, including that from outside sources.

Appellant argues that the will shows an intention of the testator to treat the beneficiaries on an equal basis, as shown by three things: that whoever survives is to receive the entire net income; that when either dies, the funeral expenses are to be paid from the trust fund; and that both beneficiaries are named as executors. The argument leaves out of consideration the fact that the testator first provides that the widow is to have the entire net income. It is only upon the contingency that the daughter ceases to teach during the widow's lifetime that there is to be any division thereof. There is nothing in the wording of the will which indicates an intention of the testator that the phrase: "one half of the net income" shall be split up so as to eliminate the words "one half of" in making such division, and that the phrase be held to mean that the daughter's income from other sources is to be deducted from the "net income." On the contrary, interpreting the words as used, in their natural, general, popular sense under the established rule (*Welsch v. Belleville Savings Bank,* 94 Ill. 191; *Taubenhan v. Dunz,* 125 Ill. 524), they indicate the testator meant the phrase to be used in its entirety, and that the deduction shall be made from "one half of the net income." As suggested by appellee the testator negatived equality of benefits when he provided that the daughter should receive less than one half of the net income. Furthermore, the provisions for the widow's share is for the "balance" of the net income, without any direction or suggestion that the daughter's share of the net income of the trust estate, or her total income, including that from other sources, shall equal that of the widow. If the testator had any such intention he made no such provision in his will.

The intention of the testator to be established by construction of a will is that expressed in the instrument

and not one which may have existed in the mind of the testator. (*Ryan v. Beshk,* 339 Ill. 45; *Bushman v. Fraser,* 322 Ill. 579.) The language will be interpreted in view of the circumstances surrounding the testator, but will not be permitted to import into the will an intention different from that expressed by its language, however clearly such different intention may be made to appear. (*Knight v. Knight,* 367 Ill. 646; *Hollenbeck v. Smith,* 231 Ill. 484.) The testator's intention cannot be determined from any surmise that he used language to express a meaning he had in mind but failed to express, or that he intended what he said to mean something else. (*Heitzig v. Goetten,* 347 Ill. 619; *Foss v. State Bank & Trust Co.,* 343 Ill. 94.)

Appellant invokes the familiar doctrine that the cardinal rule of testamentary construction is to ascertain the intention of the testator and give it effect unless it is contrary to some rule of law or public policy; and that such intention must be gathered from the words of the will itself and requires a consideration of all the provisions of the will as a whole and not any particular part separated from the rest. (*Dahmer v. Wensler,* 350 Ill. 23.) That case also holds that the purpose of testamentary construction is to arrive at the intention of the testator as expressed by the language of the will, and not an intention which existed in his mind apart from such language. Appellant also relies upon holdings that in determining the intention of the testator, that construction which conforms most nearly to the general law of inheritance will be favored. (*Dell v. Herman,* 365 Ill. 261; *Dahmer v. Wensler, supra*); and that where the language of a will is susceptible of two constructions, the construction which results in or tends to equality of distribution among beneficiaries will be preferred. (*Fidelity & Columbia Trust Co. v. Lucas,* 66 F. (2d) 116; *In re Estate of Wootten,* 253 Pa. 136, 97 Atl. 1066; Thompson on Wills (2d Ed.) 283.) Manifestly the holdings in the two latter classes of cases are

applicable only when the language of the will is susceptible of two different constructions, and they do not lessen the effect of the holdings that the intention of the testator must be determined from the language he uses and not from anything different he may have had in mind. Where, as here, the language used is susceptible of only one construction, the court must be governed by the language used, and all other rules of construction must yield thereto. (*Hartwick v. Heberling,* 364 Ill. 523; *Brittain v. Farrington,* 318 Ill. 474.) In our opinion the language of the will clearly shows the testator intended the net income from his estate shall be divided in the manner provided by the decree, and is not susceptible of any other construction. Counsel for appellant stated, upon oral argument, that the result of this construction is to penalize appellant for having an income because the greater her income the less she would receive from the trust created for her benefit. This is true but the answer is that it was the expressed wish of the testator as disclosed by the words he chose to express his meaning.

On the former hearing the issue on the question of the method of dividing the net income of the trust estate between appellant and appellee was the same as in the instant proceeding. We are of the opinion that the holding in the former decree is *res adjudicata,* but whether it is or not, in the instant proceeding the chancellor arrived at a correct conclusion on that question.

The court correctly held that no deduction in appellant's income from the teachers' pension fund shall be allowed on account of assessments theretofore paid by her. She relies upon a statement by appellee's counsel during the argument in the trial court that he was willing that the word "income" should be interpreted in accordance with the Federal income tax law, as to all matters except upon the question of the deductibility of a reasonable rental of the apartment occupied by appellant, and upon a ruling in C. C. H. 1941 Federal Tax

Service, pars. 95.0843, 95.0844, respecting a similar deduction under New York State and New York City Teachers' Retirement Funds wherein it was held that a recipient of a pension is entitled to deduct from income for tax purposes the amount contributed to the pension fund. It is not shown or claimed that payments to teachers under the New York statute relating to teachers' retirement funds is on the same or a similar basis, as under the Michigan Act, or that the Michigan Act would be subject to the interpretation cited. Furthermore, the will in this case does not show any intention of the testator to attach to the word ''income'' any other than its usual and general meaning.

Appellee's claim that appellant has not shown she has definitely quit teaching so as to bring herself within the terms of the will is without merit. The uncontradicted testimony shows she was physically unable to teach when the trustee's petition was filed herein and at the time of the hearing. The will does not require that she should resign. She was definitely within its terms.

The chancellor erred, however, in ordering that the fair rental value of the apartment occupied by appellant and her husband shall be counted as income. It is not income in the usual and general sense of the word, and there is nothing in the will which tends to indicate the testator had any idea that it was to be counted as income. Inasmuch as appellant derives no income from that apartment which she occupies she is not entitled to credit for interest, cost of heating, light, water and taxes, applicable to that part of the building, but only to credit for such items in the proportion that they bear to that portion of the premises occupied by a tenant from which she receives rent.

That part of the decree ordering the fair rental value of the apartment occupied by appellant and her husband be charged as income, and allowing credit for the items mentioned, so far as they are applicable to that

apartment, is reversed and the cause is remanded with directions to enter a decree in conformity with the views herein expressed. In all other respects the decree is affirmed.

*Reversed in part and remanded with directions.*