Wood Estate.

Argued March 14, 1944. Before Keller, P. J., Baldrige, Rhodes, Hirt, Kenworthey, Reno and James, JJ.

*Alfred C. Alspach,* for appellant.

*J. Hay Brown, Jr.,* with him *A. W. Reese,* for appellee.

*Harold G. Ripple,* with him *William C. Storb,* for appellee.

OPINION BY KENWORTHEY, J., April 12, 1944:

In the eighth paragraph of his will, James Wood provided:

"I give and bequeath unto my dear friend, Lena H. Coates, the sum of Six thousand five hundred dollars, in remembrance of her kindness to my self, and my dear wife, Elizabeth K. Wood, (uncle James and aunt Lizzie,) should Lena H. Coates, death occur before mine it is my will that this Six thousand five hundred dollars, shall revert to the residue of my estate, but I give and bequeath unto her son Howard Coates, the sum of One thousand dollars, free and clear of collateral inheritance tax, the residue of my estate, after the above mentioned bequeath's have been paid, I wish divided equally with my brother Jesse Wood, and my surviving nieces and nephews, of my brothers and sisters, share and share alike, should my brother Jesse Wood, death occur before mine I direct that his share shall go to his great grandson Jesse Wood."

The brother, Jesse Wood, predeceased testator. The Orphans' Court of Lancaster County awarded one-half of the residue to the great grandson, Jesse Wood, and one-eleventh of the other half to each of eleven nieces and nephews. Appellant, a nephew, filed exceptions.

His first contention is that the residuary estate should have been distributed per capita throughout and that he should have received one-twelfth of the entire resi-

due. We think the court correctly concluded testator intended the class should share equally with the brother —that the residue should be distributed between the two classes.

Precedents are of little value in a case of this kind. *Joyce's Estate,* 273 Pa. 404, 407, 408, 117 A. 90; *Ihrie's Estate,* 162 Pa. 369, 373, 29 A. 750. Judge APPEL adequately disposed of the problem as follows:

"The use of the word 'with' in the phrase 'divided equally with' is rather unusual. The word which is more commonly used is either 'between' or 'among.' See Ghriskey's Estate, [248 Pa. 90, 93 A. 824]. No precedent has been found or been presented to this court which involves the construction or the use of the word 'with' in a case similar to that herein presented.[1] But taking the grammatical construction and the entire clause into consideration, and analyzing it and attempting to construe it in different ways, considering the position of the word in the clause and considering certain legal principles, hereinafter referred to, which have been argued in favor of the distribution in the adjudication, this word 'with' seems to have been used by the testator with a meaning similar to the use of the word 'between' in Ghriskey's Estate, supra. This construction placed on that use of the meaning of the word, in its location in the phrase after the word 'equally', is supported and confirmed by the subsequent use of the words 'share and share alike.' This latter phrase following the phrase 'and my surviving nieces and nephews ...... share and share alike,' must be construed to modify the phrase with which it is so closely placed and identified, to signify that testator intended a division of some part of his estate to be distributed to the nephews and nieces in a manner or proportion share and share alike. The phrase 'share and share alike' must not be

---

[1] Compare *Striewig's Estate,* 169 Pa. 61, 32 A. 83.

construed to include the brother Jesse Wood, whose name was placed and identified in the first and primary designation of the beneficiaries,[2] and moreover followed immediately after the phrase 'divided equally with.'

"The conclusion, therefore, is inescapable that testator intended an equal division in moieties, one moiety to his brother Jesse Wood and another moiety which was to be distributed share and share alike to his nieces and nephews."

The legal principles which support the conclusion reached are that wherever the construction of a will is in doubt that construction should be adopted which favors (1) the nearest of kin, (*Penrose's Appeal,* 102 Pa. 448; *Scott's Estate,* 163 Pa. 165, 169, 29 A. 877; *Wootten's Estate,* 253 Pa. 136, 143, 97 A. 1066; *Herman's Estate,* 90 Pa. Superior Ct. 512, 517), (2) distribution by classes (*Fissel's Appeal,* 27 Pa. 55, 58), and (3) the scheme of the intestate laws (*Scott's Estate,* supra; *Sipe's Estate,* supra at 150; *Davis's Estate,* 319 Pa. 215, 219, 179 A. 73).

Lena H. Coates survived testator. The court directed that the collateral inheritance tax on the bequest to her be charged to the residuary estate. See *Estate of Elliot,* 113 Pa. Superior Ct. 350, 354, 355, 173 A. 880. In the earlier paragraphs of the will, testator made five specific bequests, four of money and one of personal property. In each of these preceding paragraphs in which a bequest of money was made, including the one to Lena H. Coates in which he provided an alternate bequest to her son, Howard Coates, of a lessor sum ($1,000) in the event she should predecease testator, he directed at the end of the paragraph that the bequests be made "free and clear of collateral inheritance tax." When it is borne in mind that the largest and most important

---

[2] See *Sipe's Estate,* 30 Pa. Superior Ct. 145, 147; *Ashburner's Estate,* 159 Pa. 545, 547, 28 A. 361.

specific bequest was to Lena H. Coates and that, in making it, testator used terms of appreciation and endearment, we think the court correctly concluded that it was his intention that the bequest to her, as well as the alternate bequest to her son, should be free and clear of collateral inheritance tax.[3]

Although the bequest of one-half of the residuary estate is to the class of "surviving nieces and nephews," the court, through an oversight, awarded one-eleventh of the one-half residue to the legal representatives of a niece who predeceased the testator. See *Wood's Estate*, 321 Pa. 497, 184 A. 13. No exception to this award was taken, but under the Act of June 7, 1917, P. L. 363, §22[b], 20 PS 2602, it is not merely our duty to affirm, reverse or modify, as in common law actions, but, after examination of the proceedings as a whole, to enter a decree according "to the justice and equity thereof" (*Shelley's Estate*, 288 Pa. 11, 15, 135 A. 740) whether or not the question was presented in the court below. *Hise's Estate*, 5 Watts 157; *Fenelli's Estate*, 323 Pa. 49, 185 A. 758; *Pollock's Estate*, 306 Pa. 301, 159 A. 555.

The record is remitted with direction to redistribute one-half the residue among the ten nieces and nephews who survived testator, otherwise the adjudication is affirmed. Costs to be paid out of the estate.

---

[3] Compare *Croxton's Estate*, 289 Pa. 433, 137 A. 608.