7344

VALE ROYAL MANUFACTURING CO. v. SANTEE RIVER
CYPRESS LUMBER CO.

Limitation of Estates.—A deed conveying land in trust "to and for the separate use of H. for and during her natural life * * * and from and immediately after her death in trust for the lawful issue of said H. living at the time of her death taking *per stirpes* and not *per capita* as tenants in common and not as joint tenants," carries a fee simple estate to the children of H., but their children have no interest in the land.

Before Aldrich, J., Hampton, January, 1909. Affirmed.

Controversy, without action, by Vale Royal Manufacturing Company, a Georgia corporation, against Santee River Cypress Lumber Company, an Illinois corporation. From Circuit decree, defendant appeals.

*Messrs. Smythe, Lee & Frost,* for appellant, cite: 5 Rich. Eq., 301; 9 Rich. Eq., 303; 4 S. C., 76; 16 S. C., 304; 21 S. C., 311; 27 S. C., 492.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,* contra, cite: 27 S. C., 479.

October 26, 1909. The opinion of the Court was delivered by

Mr. Justice Hydrick. The decree of the Circuit Court was as follows:

"This cause is a controversy, without action, between the above parties, for the determination of a single question, to wit, what estate do the children of Harriett J. Frampton take in the premises described in the pleadings under the following limitations, to wit: 'To have and to hold unto the said John E. Frampton, his heirs and assigns, in trust, to and for the separate use of the said Harriett J. Frampton, for and during her natural life, not subject to the debts,

6—84

contracts or engagements of her present or any future husband, and from and immediately after the death of the said Harriett J. Frampton, in trust, to the lawful issue of the said Harriett J. Frampton, living at the time of her death, taking *per stirpes* and not *per capita,* as tenants in common and not as joint tenants.'

"The statement of agreed facts show that Mrs. Frampton conveyed certain timber and other rights to the plaintiff by deed, purporting to be absolute, on the 27th of October, 1902. The plaintiff thereafter, ascertaining that Mrs. Frampton had only a life estate in the premises, obtained a deed of confirmation from the children of Mrs. Frampton during Mrs. Frampton's lifetime. One of Mrs. Frampton's children had predeceased her, leaving children, and the interest of all those children, who were all minors, was attempted to be conveyed by their mother, also executing a deed of confirmation.

"So far as these interests are concerned, of course, the deed passed no interest, but in the pleading it is stated that these interests have been arranged for, and are, therefore, eliminated from the consideration.

"Mrs. Frampton died on the        day of October, 1906, leaving the following children: C. H. Frampton, L. Frampton, James Frampton, H. M. Frampton, E. Frampton, J. Frampton and Mary T. Maybank. There are no children of any deceased child, save those of one deceased child already referred to and disposed of.

"All of the above named children have executed the deed; they all having children (grandchildren of Mrs. Frampton), but none of these grandchildren have executed the deed; and the contention of the defendant is that under the foregoing limitations the grandchildren *in esse* at the time of Mrs. Frampton's death, though their parents are alive, should also execute the deed in order to pass a valid title to the defendant to the timber and rights.

"I do not think so. While it is true that the word 'issue' generally includes all lineal descendants, and it is a much

more comprehensive term than 'children,' or 'grandchildren,' and, therefore, ordinarily it would seem that all descendants living should execute the deed, yet it is well settled that where there is anything in the context indicating an intention to restrict the broad significance of the word 'issue,' it will be so restricted.

"Now, in the case before the Court, if the devise had stopped after the words 'at the time of her death,' I think, unquestionably, the contention of the defendant would have been correct; and the word 'issue' would then include all living descendants. But the limitation does not stop there, but continues with the word 'taking *per stirpes* and not *per capita*, as tenants in common.' I think that the manifest meaning of these last words is, as stated in one of the cases, to confine the division to the 'immediate issue' at the time of Mrs. Frampton's death, and the children of such 'immediate issue,' as predeceased the life tenant, who can only take *per stirpes*,' and as the representative of their deceased parent. *Gourdin* v. *Deas*, 27 S. C., 492.

"The limitation in this case, names being changed, is very nearly identical with the limitations here, and was decided by an undivided court. Mr. Chief Justice McIver delivered the opinion. I regard the case as identical and controlling.

"I, therefore, hold that upon Mrs. Frampton's death the title became absolute in fee in the children of Mrs. Frampton, then living, and the grandchildren of the deceased child, and that the children of living children have no interest whatsoever in the timber. * * *

"It is, therefore, adjudged and decreed that the deeds of Mrs. Frampton and her children vested in the Vale Royal Company a good and marketable title, and that the children of the children alive (the grandchildren of Mrs. Frampton) had, and have, no interest, and that the Santee River Cypress Lumber Company do comply with its purchase by paying the purchase money over to the plaintiff, or its attorneys, upon the delivery to it by the plaintiff of a title

deed to the property in question, worded and executed in accordance with the agreement of sale."

This Court concurs in the reasoning and judgment of the Circuit Court.

The judgment of the Circuit Court is, therefore, affirmed.