8030

DIXON v. PENDLETON.

WILLS—LIMITATION OF ESTATES.—Under a devise to my daughter A. "for and during the term of her natural life * * * and at her death to the issue of her body who may then be living," "issue of the body" held to be used in the will in the sense of "heirs of the body," and a child of the life tenant and a child of a deceased child take the property *per capita* to the exclusion of children of a living grandchild of the life tenant.

Before SHIPP, J., Fairfield, April, 1911. Modified.

Action by Minnie M. Dixon *et al.* against Mannie M. Pendleton. Plaintiffs appeal.

*Messrs. A. S. & W. D. Douglass,* for appellants. *Mr. W. D. Douglass* cites: *Issue primarily means lineal descend-*

*ants:* 2 Hill 552; 9 Rich. Eq. 306; Riley's Eq. 301; 27 S.
C. 492; Dud. Eq. 201. *The burden is on him who alleges
a different meaning:* 13 Ves. Jr. 340; 3 Ves. Jr. 275; 19 L.
R. A. 472. *When surrounding circumstances may be con-
sidered:* 26 S. C. 64; 51 S. C. 231; 65 S. C. 390; 43 S. W.
773. *The words must be construed in their technical sense:*
3 Rich. Eq. 574; 13 N. J. Eq. 168; 32 Miss. 604; 32 Am.
St. R. 731; 44 S. C. 523; 11 L. R. A. 308; 76 N. Y. Supp.
703; 15 Exch. 273; 32 Eng. R. 856; 7 Ves. 522; 59 Eng.
R. 824; 4 S. C. 76; 124 N. Y. S. 124; 7 Rich. Eq. 125; Dud.
Eq. 201.

*Messrs. McDonald & McDonald,* contra, cite: *If Circuit
Court is in error then the division is per stirpes:* 30 Ency.
726; 2 Jar. 761, note; 6 Rich. Eq. 41, 125, 399. *If testa-
tor meant immediate children then defendant is entitled to
all the land:* 6 Rich. 401; 50 S. C. 10; 86 S. C. 338.

November 9, 1911. The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. The appeal in this action for par-
tition involves the construction of the following clause of
the will of Osmund Woodward, who died some time in the
year 1862: "I will and direct that all the rest, residue
and remainder of my estate, both real and personal, of every
kind and description, including all the lands and all the
negro slaves and their increase, which may be in possession
of my children at the time of my decease, as a loan from
me, be divided by my executors into five equal parts or por-
tions, one of which I give, devise, and bequeath to each of
my daughters, namely, Jemina Harrison, Sarah Owens,
Amanda Heath, Rebekah Buchanan, and Regina Wood-
ward, for and during the term of her natural life, to and
for her sole and separate use, benefit and behoof, and in
nowise to be subject or liable to the debts, contracts, or incum-
brances of any husband, and at her death to the issue of

her body who may then be living. In case either of my said daughters shall die without leaving issue of her body then living, all the property above given and devised or bequeathed to her (except as hereinafter particularly specified), shall be equally divided among her surviving sisters, to and for their sole and separate use, benefit and behoof respectively, for and during the term of their natural lives, respectively, precisely in all respects as the original share or portion above devised and bequeathed to them respectively, and at their several and respective deaths, to the issue of their bodies who may be living. In all contingencies which may arise under this will, the issue of a deceased daughter, if any such, shall represent the parent, and take the share which the parent would have been entitled to if living. In case either of my daughters shall die in my lifetime, without leaving issue living at the time of my decease, the share or portion above devised and bequeathed to her, shall fall into the general residue of my estate, and augment ratably the shares or portions of my surviving children, the number of shares or portions in that case being less."

Amanda Heath, one of the daughters mentioned in the devise, had been married to one Mobley before the execution of the will. After the death of Heath, her second husband, she married one Keller, and in the record is called Lucy A. Keller. She died in 1909, leaving surviving as claimants in remainder under the devise "to the issue of her body who may then be living" the following persons: Mannie M. Pendleton, a child of her marriage with Mobley, the plaintiff Minnie M. Dixon, a grandchild, the daughter of Minnie Heath, a child of the marriage with Heath, who died before her mother, and the other plaintiffs the children of Minnie M. Dixon and the great-grandchildren of the life tenant, Lucy A. Keller.

The Circuit Court held that, having regard to the entire context of the will, the word *issue* was intended to mean children, and that as Mannie M. Pendleton was the only

person answering the description of children surviving Lucy A. Keller, she took the entire property.   On the part of the appellants it is contended that the children, grandchildren and great-grandchildren of Lucy A. Keller were all issue of the body of Lucy A. Keller, and that the property should be divided equally among Mannie M. Pendleton, the daughter, Minnie M. Dixon, the granddaughter, and her children, the great-grandchildren of Lucy A. Keller, *per capita.*   Failing in this, the appellant contends that the word *issue* should be held to be at least as comprehensive a term as heirs of the body, and that Mannie M. Pendleton, the daughter, and Minnie M. Dixon, the granddaughter, should each take one-half.

Logically and on authority there is strong reason for saying that the words issue of the body when not limited by the context are more comprehensive than heirs of the body.   It has been often held in accordance with the commonly understood meaning of the words that heirs of the body embrace all lineal descendants who would take as heirs, while issue of the body embraces all lineal descendants, including those who would not take as heirs.   Under this view, for example, if one dies leaving a son who himself has children, the son and all his children would be issue of the body, but the son only would be an heir of the body; for under the statute of distributions the son's children would not inherit.   This view was strongly presented and the authorities sustaining it cited in the Circuit decree in *Rembert* v. *Vetoe,* 89 S. C. 198, but it was rejected by this Court in an opinion in which all the Justices but one concurred; and we think that case is decisive of this.   There the devise was: "All the rest and residue of my estate, of every kind and description, real and personal, not hereinbefore disposed of, I devise and bequeath to my beloved wife, Sarah H. Jones, for and during the term of her natural life, with the power to dispose of one-third thereof, while living, in any way she may choose to

do; the remaining two-thirds thereof, after the decease of my said wife, I devise and bequeath to my daughter Martha Amanda, to her sole and separate use, during her life, and at her death to such of her issue as she may leave living at the time of her death, to be equally divided among such issue, but if my said daughter should die leaving no issue alive at the time of her death, it is my will that said two-thirds be equally divided among my next of kin at that time living, according to the statute of distributions of intestates' estates." The majority of the Court held that only those took as issue who would have been entitled to take as heirs of the body under the statute of distributions.

The other question is, did the testator in this case, when he devised to the issue of his daughter living at the time of her death, mean to limit the devise to her child or children then living, to the exclusion of other issue or heirs of her body? The word issue is often limited by the context to signify children to the exclusion of grandchildren and remoter issue; and in his forceful opinion the Circuit Judge has laid stress on the greater natural affection for children than for grandchildren, and on the use of the word parent in connection with the word issue, as strong reasons for imputing to the testator an intention to so limit it in this instance. But the reasons for thinking that the testator did not mean children only when he said issue seems still stronger. The words child, son, daughter, are the common words in which men think and speak of their immediate offspring, and when the word issue is used either in thought or expression, it almost invariably denotes an intention to include not only children but other lineal descendants. Hence issue should not be held to mean children unless the context clearly indicates that restricted meaning. In this long will the testator seems to carefully avoid using the common words, child or children, and repeats the word issue many times in referring to the descendants of his children. It is important to observe too, that the will was

drawn by a capable lawyer who knew the generally recognized distinction so often made between children and issue. On a doubtful construction between children and other descendants, it is true that the presumption of greater affection for children should have weight, but still greater weight should be given to the almost universal inclination and custom of parents to give the children of a deceased child an equal share with a living child. For these reasons we are unable to agree with the Circuit Court that the testator intended that any child of his daughter who might survive her should take as her issue, to the exclusion of the children of a deceased child.

Comparison of this will with that construed by the Court in *Rembert* v. *Vetoe, supra,* decided since the Circuit decree was rendered in this case, will show that the word *issue* can be construed to have been used in the two wills in a different sense only on extreme verbal refinement. Such refinement in the construction of wills has been productive of uncertainty in the administration of law, and delay and expensive litigation in the settlement of estates, and should not be indulged. Applying the rule laid down in *Rembert* v. *Vetoe,* it results that issue of the body of Lucy A. Keller, living at the time of her death, means heirs of her body, living at the time of her death. The heirs of her body as determined by the statute of distributions were her daughter, Mannie M. Pendleton, and her granddaughter, Minnie M. Dixon, and each of these takes one-half of the property devised, to the exclusion of the children of Minnie M. Dixon.

The judgment of this Court is that the judgment of the Circuit Court be modified accordingly.