## 9537

### DUNCAN v. CLARKE *ET AL.*

#### (90 S. E. 180.)

1. TRUSTS—CONSTRUCTION OF TRUST DEEDS.—In interpreting trust deeds, Courts are not bound by the rigid rules controlling in the construction of law deeds.

2. TRUSTS—TRUST DEED—"ISSUE."—Where a trust deed read that E. should hold for the life of her husband, "and at his death for the use of such issue as he shall leave living," and he left five children and a grandchild, such grandchild was not entitled to a sixth share, his father also being entitled to a sixth, since "issue" means those persons whose names are practically written in the statute of distribution, and when heirs named in the statute come forward, an heir and his or her child may not both take.

Before SHIPP, J., Bishopville, December, 1915. Affirmed.

Action by Waddy T. Duncan, Jr., by his guardan *ad litem,* Waddy T. Duncan, against T. H. Clarke and another. From a judgment of nonsuit, plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Words of inheritance unnecessary in trust deeds:* 46 S. C. 522; 15 S. C. 278; 35 S. C. 314; 37 S. C. 309; 36 S. C. 27. *Trust executed:* 85 S. C. 373; 78 S. C. 143. *Construction of "issue:"* 16 S. C. 303; 21 S. C. 308; 27 S. C. 479; 84 S. C. 81; 86 S. C. 331, 340; 89 S. C. 198; 1 Rich. Eq. 404; 83 S. C. 265; 86 S. C. 237; 102 S. C. 16; 90 S. C. 8; 99 S. C. 307.

*Messrs. Purdy & Bland,* for respondent, cite: *As to trust deeds:* 88 S. C. 252; 100 S. C. 224. *Issue:* 93 S. C. 184; 83 S. C. 267; 89 S. C. 198; 90 S. C. 8; Dudley Eq. 201, 204.

October 9, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appellant's counsel declares:

"The precise point involved in this appeal is the construction of the word 'issue.' The inquiry is whether the word 'issue' as used in the * * * deed embraced only the children of Mr. Henry D. Green, or whether it is broad enough to also embrace a grandchild, the plaintiff, whose parent was living at the time the estate vested."

This is a true statement. And the learned counsel further and truly said, referring to the word "issue:"

"Of all the words in the English language this one has given our Court, and the bar, the most difficulty."

Counsel expressly declined to review the cases; neither shall we; that was done in the Rembert case, hereinafter referred to.

The instrument in issue is a trust deed; and, while the trustee had no active duties to perform, the trust nevertheless remained intact so far as the remaindermen were concerned, because they were uncertain until the life estate fell in; they were contingent. By the deed Eliza held *per autre vie,* that is, for the life of Henry, her husband, "and at his death for use of such issue as he shall leave living at his death." At Henry's death there were five of his children; and one of these children had a child, the grandchild of Henry; and he is the plaintiff. Thus by diagram:

This Waddy contends, that the estate shall be divided into six parts, one of which he shall have, because he, too, is issue of Henry. The defendants contend that the estate shall be divided into five parts, all of which they have by deed from the five children, because they are heirs of Henry, and "issue" in the deed means "heirs." The Circuit Court sustained the latter contention. We think the question is concluded by the recent cases of *Rembert* v. *Vetoe* in 89 S. C. 198, 71 S. E. 959, and *Dixon* v. *Pendleton,* in 90 S. C. 8, 72 S. E. 501. The appellant frankly concedes:

"The language used by the Chief Justice * * * (in the Rembert case) is broad enough, perhaps, to cover our case."

But he undertakes to differentiate the instant case from the Rembert case in two features, to wit: (1) In the Rembert case the instrument construed was a will, while in the instant case the instrument construed is a trust deed; and (2) in the Rembert case the life estate ended with the life of the life tenant, while in the instant case the life estate fell in at the death of another than the life tenant.

As the Circuit Court, we think rightly, concluded, trust deeds are not bound in their interpretation by the rigid rules which control in the construction of law deeds; nor have they ever been. And while it is not reasonably apparent why Judges may wander afield to ascertain a maker's intent in the construction of wills and trust deeds, and may not do the same thing in the construction of any sort of deed, yet such is the history of the development of the law through long years.

In the instant case there is nothing in the deed, except the word "issue," to indicate that the maker had in mind a grandchild of Henry, when Henry's child was present to take. "The almost universal inclination and custom

2   of parents (is) to give the children of a deceased child an equal share with a living child." *Dixon* v. *Pendleton.* Corollary to that is the noninclination of parents to give a share to both a child and the child of that child, and that will not be done unless there be no escape from it.

The second distinction is, we venture to think, one without a difference, and is so upon its face. The Rembert case made that measurably certain which had been hitherto uncertain; it fixed the rule that, in some cases at least, issue will be taken to mean those persons whose names are practically written in the statute of distribution. *"Id certum est quod certum reddi potest."* Admittedly, when heirs named in the statute come forward to take under the deed, a mother heir and her child may not both take. But that is what the appellant here demands.

The judgment below is affirmed.

Mr. Justice Fraser, being disqualified, did not participate in the consideration of this case.