## Donohoe's Estate.

*Wills—Construction—Gift to each of A's children and B, share and share.*
1. Under a devise to "each" of A's children and B "share and share," B and the children of A take *per capita.* Thus, where there are six children of A, B is entitled to a one-seventh interest in the real estate.

*Practice, O. C.—Defining interests of parties in partition before fund is brought in for distribution.*
2. Upon a petition for a citation to show cause why an inquest in partition should not be granted and answer thereto, it is proper for the court to define the interests of the parties under the will without waiting for the fund to be brought in for distribution.

Petition and answer. O. C. Phila. Co., Jan. T., 1924, No. 289.

*J. Edward McCaffrey* and *Thomas H. McCaffrey*, for petitioner.

*Ladner & Ladner*, contra.

THOMPSON, J., Sept. 26, 1924.—This case comes before us upon a petition for a citation to show cause why an inquest in partition should not be granted, and answer thereto.

The petition avers that Michael I. Donohoe died Jan. 11, 1924, unmarried and without issue, leaving one piece of real estate, which is the subject of these proceedings, and a will duly probated as follows: "In case of death I leave everything to each of brother Dan's children and Phil. share and share," and further avers that petitioner, Joseph A. Donohoe, and his four brothers, Francis P., William W., Daniel J. and John J. Donohoe, and his sister, Rachel, are the children of testator's deceased brother, Daniel, who, together with Philip Donohoe, brother of testator, are each entitled to a one-seventh interest in said real estate.

The answer of Philip Donohoe, after admitting the essential facts, denies that he is entitled to only one-seventh interest in the real estate, and avers that he is entitled to a one-half interest therein, and that the six children of testator's deceased brother, Daniel, are each entitled to a one-twelfth interest therein.

Considering the effect of the construction of the will of the testator upon the subsequent proceedings as to the rule to accept or refuse at a valuation, owelty, etc., in a proceeding of this kind, we think it proper to define the interests of the parties at this time rather than wait until a fund is brought before us for distribution. We are, therefore, asked to determine under the will of testator whether the parties take *per capita* or *per stirpes.* It is undoubtedly a rule of construction that where there is a doubt, that construction which adheres to the statutes of distribution should be applied, which in the case before us would call for a *per stirpes* distribution. Sipe's Estate, 30 Pa. Superior Ct. 145, says: "The statute of distribution governs in all cases where there is no will; and where there is one, and the testator's intention is in doubt, the statute is a safe guide."

But we do not consider there is a doubt as to what is the meaning of the words used by the testator. He had individuals in mind, to wit, his brother Dan's children and Phil, and to each he gave an interest in his estate, share and share. It is argued that the word "each" applies to Dan's children only, but this cannot be so, for the gift to Dan's children would be complete without it.

In Scott's Estate, 163 Pa. 165, 170, Mr. Justice Fell says: "Where a testator uses an additional word or phrase, he is presumed to have an additional mean-

ing." The word "and" links the children of Dan with Phil, and we, therefore, have the word "each" used to describe the interest of every one who takes under the will, with the same force and effect as if the testator had named each child of Dan and Phil. The cases following all show that where the word "each" is used, a *per capita* distribution is meant.

Green's Estate, 140 Pa. 253. In this case the division was *per stirpes*. The auditor's report, which was affirmed, at page 255, said: "If he had intended each of them to have an equal share with her, he would have used other language, probably directing a division 'amongst Josephine Lukens and the children of John R. Ash, each to take an equal share.'"

Penney's Estate, 159 Pa. 346. In this case the division was *per capita*. It will be observed that the court laid stress upon the word "each." Mr. Justice Mitchell says: "The words of the will are 'shall be distributed share and share alike to the following persons, if they are living at the time of my death, namely: to my sister M. one share, and to my step-daughter O. one share.' So far, the indication clearly is of a distribution *per capita*. The other distributees in the testator's mind were his nephews and nieces. Had he mentioned them as a class, 'nephews and nieces then living one share,' he would undoubtedly have changed the presumption to be drawn up to this point and have indicated a division *per stirpes*. But as if to avoid this very result he inserts the dominant word 'each' and makes the bequest, 'and to each of my nephews and nieces then living one share.' The grammatical meaning of this clause of the sentence does not admit of question. The word 'each' separates the class into individuals and is equivalent to the detailed enumeration, 'to A. one share, to B. one share, to C. one share,' etc., for which it was a compendious summary. As well said by the learned court below, had the testator, after directing distribution share and share alike to the following persons, then 'designated all of the legatees by name, there would be no room for doubt that he intended a *per capita* distribution.' But by the use of the word 'each' he did in effect designate them all individually, as plainly as if he had inserted their several names. This being the clear grammatical effect of his words, it must prevail, unless there is apparent elsewhere in the will a different intent. This we do not find."

Scott's Estate, 163 Pa. 165. The construction in this case was that the nephews and nieces took *per capita* and not *per stirpes*. Again we have the important word "each." At the bottom of page 170, Mr. Justice Fell stated: "The division is to be such that 'each' is 'to take share and share alike.' Each refers to the persons described in the first part of the paragraph, the nephews and nieces who are identified by the *videlicet* clause. The expression 'share and share alike,' standing alone, might refer to a division among classes as well as among individuals; but this cannot be said of 'each to take,' which, unless applied to individuals, as the grammatical structure of the paragraph requires, must be regarded as redundant and meaningless."

We can find no case in which the word "each" has been used where there has been a *per stirpes* distribution.

In Minter's Appeal, 40 Pa. 111, the testator devised "share and share alike among the children of my brother Adam and the children of my brother Martin, and to my sister Barbara." The court determined that the said children took by classes. But it is significant that the Supreme Court, in its opinion by Lowrie, C. J., page 115, said: "If he meant that his nephews should be each equal to his sister, the word *each* would have made his meaning clear. The classification being made in the will is not changed by the

Donohoe's Estate.

death of his sister. Her children take her place." In our opinion, Phil took a one-seventh interest.

Having construed the will of the testator as above, the prayer of the petition for inquest should be granted, and the same is, therefore, awarded.