## CAMPBELL v MONUMENTAL LIFE INSURANCE COMPANY

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3100.   Decided Mar. 27, 1940.

Hamilton, Kramer & Wiles, Columbus, for plaintiff-appellee.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellant.

### OPINION

BY THE COURT:

Submitted on application for rehearing.

Two questions are urged: (1) That the court did not consider or pass upon the claimed error in the failure of the trial judge to charge the jury that if and when it appeared that the insured had been treated by a physician within two years prior to the issuance of the policy, the burden of proving that such treatment was not for a serious disease was upon the plaintiff.

(2)   As the plaintiff in her own behalf offered in evidence the application for insurance, this removed any objection to the admissibility of the waiver which was a part of the application.

Both of these questions were inferentially passed upon in the former opinion.

We will, however, briefly give specific consideration to both of the matters presented on the application for rehearing:

(1)   Did the Court err in refusing to place the burden of proof upon the plaintiff in the particular heretofore stated?   The language of the contract of insurance, if given force and effect, waiving any questions arising because of the state of the pleadings, would have required the Court to charge the jury that the burden of showing that the insured was not treated for any serious illness was upon the plaintiff. If the Court was correct in refusing to give effect to the language of the policy, it must be supported upon the ground that such provision is against public policy and, therefore, may not be enforced.

The charge of the court treating the defense of the attendance of a physician upon the plaintiff for a serious illness as an affirmative defense is in accord with the general trend of authority in Ohio.   **Mumaw v Ins. Co., 97 Oh St 1; Prudential Life Ins. Co. v Zimmer, 97 Oh St 14; Wills v National Life & Accident Ins. Co., 28 Oh Ap 497.** The policy changes the rule and provides that:

"If the insured has been attended by a physician, unless it be shown by the insured or any claimant under him that no such treatment was for a serious disease, the policy may be voided."

It is our judgment that a provision such as this is against public policy.   In 6 R. C. L. p. 707, it is said:

"Courts have frequently approved Lord Brougham's definition of public policy as the principle which declares that no one can lawfully do that which has a tendency to be injurious to the public welfare. The question whether a contract is against public policy must be determined by its purport and tendency and not by the fact that no harm in fact results from it."

The last sentence of this definition is pertinent here because the enforcement of the provisions of the policy in this case in probability would do no injustice to either party. The attending physician was presented by the defendant, his testimony was available, and in view of the verdict and especially the answer to the special interrogatory, it is probable that shifting of the burden of proof from the defendant to the plaintiff would in no wise have affected the ultimate conclusion of the jury. In the instant case so much of the testimony of the physician was admissible as would have established that he examined the insured professionally within the period prescribed by the policy. It may also be observed that in many cases, and probably in this case, proof of an examination by a physician could have been made without the physician taking the stand.

We are satisfied that the enforcement of this contract of insurance generally would have a tendency to be injurious to the public welfare.

Insurance on lives, in fact, all kinds of insurance, is so connected with the interest of the public that it may be said to be charged with a public interest. Few subjects have received more attention by law-making bodies and our courts than the general subject of insurance.

In Ohio our Legislature has taken cognizance of the public nature of this business and has prescribed in detail the forms which certain policies shall take and has further provided that no policies shall be issued which do not contain certain designated clauses.

If the clause under consideration placed the burden only upon the insured during her lifetime to satisfy the company that any attendance upon her by a physician was not for a serious disease it would not be an unreasonable provision, but to place such burden upon any one claiming under the insured after her death is to place in the hands of the company the means of unjustly defeating policy claims. Enforcement of the provision would enable insurance companies to avoid payment on policies in many instances where it could prove that the assured was examined or attended by a physician within two years prior to the making of the application for insurance, if, at the time of the trial the physician had died or could not be found. If he could be found he might be adverse to testifying as an expert without payment for his services in that capacity, or for his loss of time while attending court.

Industrial insurance is, in the main, carried on the lives of the poorer class of the people, and many of the policies are written for amounts of $500.00 or less. To subject the beneficiaries to the added burden of paying expert witnesses, made necessary by the clause in question, might, in itself, defeat just claims.

The insurance company conducting a business for profit is in the same class as paid surety companies. It is not compulsory upon the company to issue contracts of insurance upon the lives of applicants. It conducts a business for profit. It may, as a prerequisite to the issuance of a contract of life insurance, require the applicant to undergo a physical examination by a physician of its own choice.

The usual burden which an enforcement of the clause under consideration would enjoin upon beneficiaries of insurance policies is so obvious and the unjust situations so numerous that we will not attempt further to discuss them.

In holding that the voidable clause in this policy as relates to the burden of proof is contrary to public policy, we are in line with the trend of authority. No case which we have found presents identical or parallel facts to ours, but the underlying principle

therein announced in our judgment supports the conclusion we have reached. Fleming v Merchants Life Ins. Co. (Ia.) 188 N. W. 703; Fidelity & Deposit Co. v Davis (Kan.) 284 Pa. 430; 68 A. L. R. 321; Hannon v Grand Lodge, etc., (Kans.) 163 Pa. 170; McCormick v Woodmen of the World, 207 Pa. 943; Carrugi v Atlantic Fire Ins. Co. 40 Ga. 135; Southern Pacific Co. v Phillipson (Tex.) Civ. App. 39 S. W. 958; Utter v Travellers's Insurance Co. (Mich.) 32 N. W. 812; Modern Woodmen of America v Michalen (Okla.) 225 Pa. 163.

We recognize that the Court of Appeals of the Eighth District in the case of **Davis v Metropolitan Life Ins. Co., 15 OO 1,** has approved the terms of the clause in the policy under consideration. If the judgment in the cited case went to the controlling question in this case we would make certificate of conflict. We do not so find.

(2) It is true that the plaintiff eventually offered the application for insurance in its entirety. It was only after the Court had admitted the waiver over the objection and exception of counsel for the plaintiff that it offered the application. In this situation the action of the plaintiff in no wise supported the improper admission of the waiver only.

The application for rehearing will be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.