## DiNUZZO v METROPOLITAN LIFE INSURANCE CO.

Common Pleas Court, Hamilton Co.

No A-72390.   Decided Jan 10, 1941

William J. Dammarell, Cincinnati; William Isaacs, Cincinnati, for the plaintiff.

Marble & Vordenberg, Cincinnati, for the defendant.

### OPINION

By OUTCALT, J.

This case was an action in the Municipal Court of Cincinnati to recover the benefit named in a policy of life

insurance issued upon the life of Elizabeth DiNuzzo by the Metropolitan Life Insurance Company on November 1, 1937. Mrs. DiNuzzo died May 20, 1938. The policy was one embodying a comparatively new form of clause which reads:

"WHEN POLICY IS VOIDABLE. If within two years prior to the date of issue of this policy the Insured has * * * been attended by a physician, unless it be shown by the Insured or any claimant that no such * * * treatment or attention was for a serious disease or injury or physical or mental condition; * * * then, in any such case, this Policy shall, subject to the clause entitled Incontestability, be voidable by the Company, unless reference to such * * * treatment or attention, * * * is endorsed on this Policy by the Company."

The company called physicians who testified that Mrs. DiNuzzo had called upon them, and they upon Mrs. DiNuzzo, during the period April 12 through October 30 next preceding the issuance of the Policy. The plaintiff claimed the rule of privileged communications, and the Court properly sustained objections to questions, put to the medical witnesses called by defendant, directed to the nature of the illness diagnosed or treatment given. The claimant, his daughter, and a friend of the deceased testified that the deceased, throughout the seven month period prior to November 1, 1937, had been a "healthy woman", "had worked every day", that she was "never sick", but that she had been a little dizzy at times and that she was passing through the menopause. The cause of death was adenoma thyroid, thyrotoxicosis and surgical shock.

Under the clause above quoted, the defendant having proved that the deceased had visited a physician within the stipulated period, and it appearing that no reference to such visits had been endorsed on the policy, the burden of proof was upon the claimant to show that such treatment was not for a serious illness or condition, and the court below charged the jury properly that this burden would only be satisfied by proof by a preponderance of the evidence. Under these instructions as to the burden of proof, the issue of whether Mrs. DiNuzzo had been treated for a serious illness within two years prior to the date of issuance of the policy was submitted to the jury, which found in favor of the plaintiff-appellee and the defendant below has appealed to this court.

It is the contention of the plaintiff-appellee that the clause is against public policy, citing the case of **Campbell v The Monumental Life Insurance Company, 32 Abs 107**, in which the Court of Appeals of the Second District, in very strong language, reached this conclusion. But so far as this court can determine the Court of the Second District stands alone in this position, for while the opinions do not specifically discuss the question of public policy, the identical clause has been sustained and the burden of proof placed upon the claimant in the cases of **Devis v Insurance Company, 29 Abs 129, 15 OO 1**, Court of Appeals of Cuyahoga County, and **Baranowicz v Insurance Company**, decided by the Court of Appeals of the Sixth District, June 17, 1940.

The older, and in this principle, analogous "good health" clause has been repeatedly enforced by the courts.

"Insurance policies, like other written contracts, mean what they say and all they say. They are written for the protection of both parties thereto, and all others interested in the policies. If such contracts are not enforced as written, they might as well not be written at all."

**Life Co. v Ray, 117 Oh St 13 at 22.** Good reason is suggested for the incorporation of this clause; this court does not believe that the clause has any tendency to do that which would be injurious to the public, or against the public good. See also McDermot v

Metropolitan Life Ins. Co., 8 N. Y. Supp. (2nd) 896.

But the insurance company claims more for this clause than this court believes the language incorporated demands. It is their claim that the burden of proof required of the plaintiff is satisfied only by medical proof. This is, in effect, a claim that the clause is one which waives the provision of the Privileged Communications Act. (§11,-494 GC) Mrs. DiNuzzo, as a party to the contract of life insurance, did not waive the benefits of this act, though by appropriate language in the clause the insurance company might have required such a waiver before issuing the policy. She bound herself to show that "no such treatment or ▮▮▮ attention was for a serious disease or condtion", not to show that fact by any particular witness, or class of witnesses, or by direct rather than by circumstantial evidence. If the contract is not enforced as written, it might as well not have been written at all.

Such a construction of the contract would lead to most unjust results. Suppose an insured within the two years period has made a call upon a physician for a minor ailment, and that the physician predeceased. The insurance company could prove by office records that such a call had been made, yet the death of the doctor would defeat any claim upon the insurance policy. This certainly is not the result contemplated by the parties to this contract; nor is there anything in the contract which removes or could remove, the right of a litigant to establish any disputed fact by circumstantial evidence.

"Evidence includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved."
Shoe Stores Co. v Scully, 24 Oh Ap 15, 155 N.E. 866.

The evidence given by the medical men did not touch upon the issues of whether the visits were for an illness of a serious nature, but only established that visits had been made. The evidence offered by the claimant tended to prove circumstantially that because Mrs. DiNuzzo had not been ill, showed no signs outwardly of illness, and worked every day, that these visits were not for any serious illness, and offered a circumstantial reason for the visits in the fact that she was in the period of a woman's life when medical attention is not unusual. As a matter of fact, Dr. Fishbach testified directly, without objection, that he had not found the condition for which she was operated when he saw her during the month of July. This was the circumstantial evidence of the claimant—to this the insurance company offered no rebuttal testimony. Can it be said that with this testimony before the jury reasonable minds could not but agree that the claimant had failed to show that the visits were not ▮▮▮ for a serious reason? This court thinks the motions for a directed verdict were properly overruled.

The propositions set forth by counsel for the appellant that lay witnesses may not be allowed to testify concerning the illness or sound health of another is not supported by the authorities.

"A non-professional witness may give his opinion of the condition of another with respect to his being weak and helpless or not, and of the degree of suffering which he endured or testify as to whether a person appeared to be sick or laboring under some disease. It is also competent for a lay witness to testify as to a person's apparent physical condition and ability to work, but such witness will not be permitted to express an opinion as to why one could not work, as for example, because she was nervous."
17 O. Jur. Evidence, §388.

The cases of Davis v Insurance Co., and Baranowicz v Insurance Company referred to above do not apply to the determination of these matters before the court for the reason that it appears in both of these cases that the claim-

182

ant rested without any proof concerning the reason for the deceased's attention from medical men, circumstantial or direct, and under these circumstances the courts held that a directed verdict should have been ordered.

The Insurance Company having offered no evidence upon the issue as to whether the visits were for a serious complaint, this court cannot determine that the verdict was against the weight of the evidence.

Counsel also complains of error in the charge of the court. When the charge is taken as a whole, it appears that any misstatements were corrected and that the issue was fairly and properly presented to the jury and that no prejudicial error resulted from any part of the charge of the court.

There being no prejudicial error apparent upon the record, the judgment of the Municipal Court will be affirmed.