## Ritter's Estate

*Zieber & Snyder*, for exceptant.
*Wellington M. Bertolet*, contra.

MARX, P. J., March 31, 1945.—The question raised on the exceptions is narrow. It involves interpretation of that portion of the "fourteenth" paragraph of the

will wherein testator, after a life estate to his brother Henry S. Ritter, now deceased, disposed of the remainder in these directions to the trustee:

". . . at his death to pay and distribute the principal thereof to and among my nephews and nieces him surviving or represented by issue him surviving, per stirpes, absolutely".

The auditing judge decreed distribution among the nephews and nieces of the testator, per stirpes. No nephews or nieces predeceased the life tenant, survived by issue. The accountant submitted the names of 11 nephews and nieces. They alone were entitled to take and were classified as follows:

1. Harold H. Ritter, son of deceased brother, William C. Ritter;

2. Forrest R. Shanaman and Julia R. Shanaman Elmer, children of deceased sister, Laura Ritter Shanaman;

3. John Ritter, son of deceased brother, Jonathan Ritter;

4. Harry Luden, Frederick Luden, Dorothy Edenharter Murphy, Marjorie Fikes Brownlee, Wilma Luden Lindsay, Jeanette Luden and Milford Luden, children of deceased sister Anna Ritter Luden.

Distribution, per stirpes, among the nephews and nieces was decreed.

Exceptant contends the fund should have been divided and distributed, in 11 equal shares, per capita, among the nephews and nieces. He would attach the words "per stirpes" to the issue of a predeceased nephew or niece, which issue survived the life tenant, but would not limit, by those words, the interests of the nephews and nieces.

A testamentary gift to " nephews and nieces" is a gift to a class, and those entitled to take will, in the absence of further limitation, take per capita: Scott's Estate, 163 Pa. 165; Intestate Act of June 7, 1917, P. L. 429, sec. 9(b), 20 PS §63.

Testamentary limitations may, however, disclose a contrary intent and may require distribution per stirpes. Section 300 of the A. L. I. Restatement of Property, in accord, reads:

"When a conveyance creates a class gift by a limitation in favor of . . . 'nephews, nieces' . . . of a designated person, . . . distribution to the members of the class is made upon a per capita basis except to the extent that a different mode of distribution is required . . . for the effectuation of another and different intent of the conveyor found from additional language or circumstances."

Comment (f) under that section notes an exception pertinent here:

"If . . . the limitation is to the 'nephews of B, per stirpes,' and B has nephews in the families of two or more of his brothers and sisters, then the phrase 'per stirpes' has dual significance. In the first place it indicates that the nephews constituting the offspring of each brother or sister take a single share as a group. In the second place, it indicates substituted gifts distributable upon a representative basis as to the share thus obtained by each nephew, that is, if such a nephew dies leaving children, such children represent the deceased parent and take the share he would have taken, if he had lived to the time of distribution. This two-fold significance of the phrase 'per stirpes' exists wherever the persons described by the 'single group designation' do in fact include persons from two or more different families."

If the words "per stirpes" had been omitted, the bequest would go, per capita, to the 11 nephews and nieces. The issue of predeceased nephews and nieces surviving the life tenant, had there been any, would represent the deceased ancestors and would take, by representation, per stirpes. The words "per stirpes" do not show an intent to accomplish what was already accomplished under the statute. They constitute a limitation on the

course and quantum of the inheritance. The words are separated by commas from the words immediately preceding and from those immediately following, indicating an intent that all that precedes shall be limited by them. The existence and placing of the commas may no more be disregarded than the inclusion or omission of words, phrases or clauses. All must be given a natural or adopted meaning in order that the testamentary intent may be ascertained.

The cases cited by exceptant do not support his theory of the testamentary disposition.

The decision in Miller's Estate, 29 Dist. R. 443, results from the conversion into a parenthetical phrase of the words "and their heirs and assigns, per stirpes and not per capita". The comma was dropped and the parentheses placed so as to effectively bar "per stirpes" from limiting "nephews and nieces". We fail to find any justification for thus rewriting the will. Further, "heirs and assigns" primarily and usually limit the estate given and there was in that will nothing to indicate a different intent, or to show that testatrix intended substitutional gifts. In addition, the bequest concluded with the words "share and share alike", indicating per capita distribution.

In Herkness' Estate, 14 D. & C. 135, the auditing judge said, relative to Miller's Estate, that the court there rewrote the will and gave it the true expression of testatrix's intent. This was at best a dictum. In the Herkness case the gift was under intestate law, with the added provision: "The children and their issue to take per stirpes and not per capita however". The auditing judge said (p. 137) :

"In the present case the clause of the will upon which the controversy is based is a separate sentence set off between periods and follows what would otherwise be clear and concise language. The words 'The children and their issue to take *per stirpes* and not *per capita* however', standing alone as they do, certainly do not

'dedicate and define 'any substituted legatees, but must and do include the children and issue of deceased children. In other words, the sentence is clearly a direction that all remaindermen shall take *per stirpes* and *not per capita*. It cannot be said that the sentence refers only to children who might be substituted for deceased grandchildren, because it specifically refers to 'the children and their issue', which, standing alone, and not being parenthetical in any sense of the word, must refer to and define the shares to which all the remaindermen entitled to principal, upon the death of the surviving child of the testator, are to take." (Cited in Rosengarten's Estate, 47 D. & C. 235, 238.)

The decision in Esbenshade's Estate, 23 Dist. R. 1069, was rested entirely on what the court found to be the clearly-expressed intention of testatrix. The court rewrote the bequest "unto my nephews and nieces living at the time of my decease and the issue of any of them dead per stirpes", so as to read "unto my nephews and nieces and I give unto the issue of any of them dead per stirpes". The will consisted of a single sentence, with the period at the end the only punctuation. There were no testamentary statements or words warranting that reconstruction. The court, however, suggested (p. 1070) : ". . . if she had cut off the words *per stirpes* by a comma, the ingenious argument of exceptants' counsel would have been more effective".

Scott's Estate, 163 Pa. 165, is authority for a per capita distribution under a testamentary gift to "my nephews and nieces [naming them or their immediate ancestors] . . . each to take share and share alike". For identification the parents of some of the nephews and nieces were named, but from that per stirpes distribution could not be inferred, and "share and share alike" required per capita division.

We find no error in the decree, and the exceptions are accordingly dismissed and the decree is confirmed absolutely.